THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD RICHARD MASS, Defendant-Appellant.

(No. 72-50; 

Second District—December 27, 1972.

*Supplemental opinion upon denial of rehearing February 9, 1973.*

Ralph Ruebner, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, (James W. Jerz, of counsel,) for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant waived prosecution by indictment and was charged in a joint information with two other defendants of attempt murder against two different individuals and one count of attempt burglary. On May 13, 1971, the defendant withdrew his pleas of not guilty to one count attempt murder and entered a plea of guilty thereto. A hearing in aggravation and mitigation was had on May 20, 1971, and the defendant was sentenced to 10-15 years in the State penitentiary.

On October 27, 1971, the defendant filed a *pro se* petition for rehearing in aggravation and mitigation. The public defender was appointed on

November 22, 1971, to represent the defendant in "post-conviction matters" and a hearing was held on December 23, 1971.

The appeal herein is from the order denying the motion for rehearing in aggravation and mitigation. Counsel for the defendant contends that this is a post-conviction hearing. The State insists the petition is not a post-conviction petition and the defendant is attempting to raise on appeal issues not raised at the trial and issues which cannot be raised by post-conviction petition.

The record discloses that the entire hearing consisted of the following:

"THE COURT: What is your motion today? Is the Defendant in the penitentiary?

MR. BEU: Yes, your Honor, he is in the penitentiary.

We were appointed to represent him on this petition. I have reviewed all the allegations he makes in the ten pages of written material pertaining to the conduct of the aggravation and mitigation hearing. I take it from the petition that one was held, and that he is complaining how it was held and the matters presented there. And that is the only allegation he raises in the petition.

THE COURT: I will deny his motion for additional hearing in aggravation and mitigation.

MR. DOYLE: That is his prayer for relief."

■■ The issue therefore presented in this appeal is whether or not the petition filed is a post-conviction petition pursuant to Ill. Rev. Stat. 1969, ch. 38, sec. 122. A post-conviction petition is a statutory petition for redress of the substantial denial of the constitutional rights of a person imprisoned in a penitentiary. The petition must meet the requirements of Ill. Rev. Stat. 1969, ch. 38, Sec. 122—2, one of which is to clearly set forth the basis in which petitioner's constitutional rights were violated.

■■ Petitioner prayed for a new hearing in aggravation and mitigation, setting out at length his allegations of improper conduct by the State's Attorney and of additional information which he felt should have been introduced regarding himself. The public defender at that time apparently did not recognize any claim of denial of constitutional rights and so informed the court. The record reflects and it appears that the trial judge in appointing counsel for the defendant regarded the motion as something more than a rehearing in aggravation and mitigation. It would further appear that the trial court had lost jurisdiction upon the sentence and commitment of the defendant and that the only basis upon which the court could consider the defendant's petition was as a post-conviction matter. While the *pro se* "Motion for Rehearing on aggravation and mitigation" did not allege any constitutional violations

of defendant's rights, we feel that the ends of justice would be best served by treating the same as a post-conviction petition. As indicated above, after defendant filed his *pro se* "Motion" the record discloses that counsel was in fact appointed to represent defendant "in post-conviction matters." No useful purpose would be served by requiring defendant to file a new post-conviction petition. We therefore hold that the petition filed was a post-conviction petition. This being the case, appointed counsel should have complied with Ill. Rev. Stat. 1969, ch. 110-A, par. 651(c). That rule provides in substance that the appointed attorney shall counsel with the defendant either in person or by mail, that he shall examine the record of proceedings at the trial, and that he shall make "any amendments to the petition filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." See *People v. Slaughter* (1968), 39 Ill.2d 278, 235 N.E.2d 566.

From the above quoted record it appears that appointed counsel failed to do any of the required duties imposed upon him by this rule. *People v. Brown* (1972), 52 Ill.2d 227.

In the appeal filed herein by the Illinois Defender Project, counsel for the first time has raised two other issues; the first being as to whether or not count II of the information herein failed to charge an offense, and secondly, whether the trial court in accepting the defendant's plea of guilty determined whether or not said plea was voluntarily obtained without coercion, duress, or promises made to him pursuant to Ill. Rev. Stat. 1969, ch. 110-A, sec. 402(b). This court does not consider these contentions as they may be a proper subject for consideration by the trial court in an evidentiary hearing.

We are not unmindful of our recent decision in *People v. Cobb* (1972), 8 Ill.App.3d 1081, 290 N.E.2d 610, in which we held that the trial court in its discretion might treat a petition for a writ of *habeas corpus* as a petition under the Post-Conviction Hearing Act, but is not required to do so. As indicated above, we are of the opinion that in the instant case, the trial court in its discretion did in effect treat defendant's "motion" as a petition "in post-conviction matters."

We therefore reverse the finding of the trial court and remand this matter to the trial court with directions to appoint counsel for the defendant and to conduct an evidentiary hearing under the provisions of the Post-Conviction Hearing Act, Ill. Rev. Stat. 1969, ch. 38, sec. 122.

Reversed and remanded with directions.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.

70

## SUPPLEMENTAL OPINION

Mr. PRESIDING JUSTICE GUILD delivered the supplemental opinion of the court:

The State herein has filed a petition for rehearing alleging in substance that this court erred in concluding that defendant's *pro se* motion was a petition under the Post-Conviction Hearing Act. The State submits that we have indicated that defendant's motion did not contain allegations of a constitutional scope. We disagree.

· We reiterate that the Trial Judge herein must have concluded that defendant's motion was in fact a post-conviction hearing. The defendant was sentenced on May 20, 1971. He filed his "motion" on October 27, 1971. It is patent that the court had lost jurisdiction to hear a "Motion for rehearing in aggravation and mitigation" on that date. The court obviously so recognized and in its order of November 22, 1971 appointing counsel, stated that the Public Defender was appointed to represent the defendant "in post-conviction matters." The Supreme Court has stated in *People v. Jones* (1969), 43 Ill.2d 160, at 162:

> "\* \* \* We have held it to be error to dismiss a post-conviction petition on the pleadings, as occurred here, where there has been inadequate representation by counsel, though the *pro se* petition itself fails to present a substantial constitutional claim. [Citations.]"

Petition for rehearing denied.

SEIDENFELD and ABRAHAMSON, JJ., concur.