THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.*
ORVILLE PARKER, Petitioner-Appellant.

First District (4th Division)   No. 77-147

Opinion filed February 23, 1978.

James Geis and Victoria J. Meyers, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Myra J. Brown, and Alan D. Lyons, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The basic issue in this case is whether a defendant who pled guilty is barred from filing a post-conviction petition raising alleged trial court errors of constitutional proportions where he failed to file a motion in the trial court seeking to withdraw his guilty plea within 30 days after the sentence was imposed as required by Supreme Court Rule 604(d). We hold that he is not and that, accordingly, he should have been allowed to file an amended post-conviction petition. Since he was not allowed to file

it, we do not rule on the sufficiency of the petition but remand for further proceedings.

The defendant, Orville Parker, was charged with four counts of burglary. On December 17, 1975, he pled guilty to all four counts. In response to the court's question, "You are entering this plea of your own free volition? There have been no threats, no coercion, no promises made to you to induce you to enter this plea of guilty?" he answered "Yes, Sir." He also responded that he understood that he was waiving such rights as his right to trial by jury. He was further informed that he could be sentenced to the Illinois Department of Corrections for a period of not less than one nor more than 20 years. Only then did the court accept his plea. He was sentenced to the Illinois Department of Corrections for a period of not less than three years nor more than nine years on each of the indictments, the sentences to run concurrently. The court then instructed the defendant that:

> "The Court would also advise the defendant that in the event he is desirous of withdrawing his plea of guilty and is desirous of vacating the judgment of this court on this date, he must file with this court within 30 days from the date hereof his petition setting forth the facts and the grounds for vacating the judgment of sentence.
>
> In the event that the judgment and the sentence is vacated by this court, the State may then proceed to prosecute the defendant on each of the said causes set forth in the respective indictments and each count contained therein.
>
> In the event that the defendant is indigent, without funds with which to engage counsel, free counsel will be appointed to represent the defendant.
>
> The Court would also see that a free transcript of the proceedings would be provided to aid and assist the defendant in filing such a petition.
>
> I further advise the defendant if he fails to file his petition within 30 days from the date hereof, it will be presumed that he waives any and all rights that he may have with respect to error that may be contained in any of the proceedings contained herein."

What happened after December 17 is not entirely clear. According to the defendant's statements in his petition for post-conviction relief, he filed a notice of appeal with the trial court on December 17, 1975, which direct appeal was never acknowledged by the court. He also filed another *pro se* notice of appeal with the trial court. What is clear is that the Appellate Defender's office, apparently in March of 1976, at the request of the appellate court, moved to dismiss the appeal. The motion stated that on January 6, 1976, the defendant filed a notice of appeal but that no

motion to vacate the plea of guilty was presented by the defendant in accordance with Supreme Court Rule 604(d). While there is nothing in the record to that effect, the parties agree that the motion was granted. In a letter written to the defendant on March 5, 1976, one of the attorneys from the State Appellate Defender's office informed him that his original notice of appeal should have been treated as a motion to vacate under Supreme Court Rule 604(d) but that the clerk of the court was still unfamiliar with the new rule and as a result, the notice of appeal was processed in the old way which invalidated it. (Neither notice of appeal is contained in the record so this court does not know what relief the defendant had in fact prayed for in the "notice.") The attorney further advised the defendant to write the chief judge and ask him to appoint a trial attorney to enter a motion to vacate the guilty plea *nunc pro tunc* as of January 6, 1976.

The defendant on March 15, 1976, filed the present petition for "post-conviction relief, et al" which he attached the March 5th letter and asked that the judgment be vacated pursuant to Supreme Court Rule 604(d). In the petition he alleged that his guilty plea was involuntary and secured in violation of due process in that it was based upon an unfulfilled promise of leniency that he would only receive a sentence of two to six years. He also claimed that he had been arbitrarily denied a substitution of judges in October 1975; had been denied counsel other than from the public defender's office and that he had been denied a fair suppression hearing on December 15, 1975. He further claimed that his constitutional right to a direct appeal had been denied him. An assistant state's attorney in an affidavit denied the defendant's contentions he had been promised from two to six years, stating that he had been promised from three to nine years which is what he received. The State also moved to dismiss the petition as insufficient to require an evidentiary hearing.

A hearing was held on June 24, 1976. Throughout the hearing the public defender indicated his belief that they were only present to determine whether the defendant could file an amended petition and that he (the public defender) was not prepared to argue the substantive issues. The court ruled that by not filing a motion pursuant to Rule 604(d) within the required 30 days the defendant waived anything that might have been raised. The court then added that the defendant failed to set forth sufficient facts in the petition to authorize relief.

I.

Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)), provides:

"No appeal from a judgment entered upon a plea of guilty shall

be taken unless the defendant, within 30 days of the date on which sentence is imposed, filed in the trial court a motion to withdraw his plea of guilty and vacate the judgment. The motion shall be in writing and shall state the grounds therefor. When the motion is based on facts that do not appear of record it shall be supported by affidavit. The motion shall be presented promptly to the trial judge by whom the defendant was sentenced, and if that judge is then not sitting in the court in which the judgment was entered, then to the chief judge of the circuit, or to such other judge as the chief judge shall designate. The trial judge shall then determine whether the defendant is represented by counsel and if the defendant is indigent and desires counsel, the trial court shall appoint counsel. If the defendant is indigent, the trial court shall order a copy of the transcript as provided in Rule 402(e) be furnished the defendant without cost. The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings. The motion shall be heard promptly, and if allowed, the trial court shall vacate the judgment and permit the defendant to withdraw his plea of guilty and plead anew. If the motion is denied, a notice of appeal from the judgment and sentence shall be filed within the time allowed in Rule 606, measured from the date of entry of the order denying the motion. Upon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived."

■■■ It is clear that the failure to comply with Rule 604(d) forecloses the defendant from appealing his conviction. (*People v. Frey* (1977), 67 Ill. 2d 77, 364 N.E.2d 46; *People v. Bryant* (1977), 45 Ill. App. 3d 428, 359 N.E.2d 888.) But the rule does not purport to do more than that. And while it is also clear that a defendant who has once obtained a review by appeal or writ of error cannot thereafter raise on a post-conviction petition or otherwise any claims which he could have made on the direct appeal but did not (*People v. Frank* (1971), 48 Ill. 2d 500, 272 N.E.2d 25; *Ciucci v. People* (1960), 21 Ill. 2d 81, 171 N.E.2d 34), the rule is clearly different where the defendant for some reason never appealed. As the Illinois Supreme Court explained in *People v. Rose* (1969), 43 Ill. 2d 273, 279, 253 N.E.2d 456, 461:

"The concept of *res judicata* clearly does not bar petitioners' claims here, since those claims have not been reviewed, and the present

proceedings are timely. On the same basis, waiver does not bar assertion here of constitutional rights. While the petitioners have waived, by failure to appeal, those rights based on mere error in the trial, they are still entitled to assert those constitutional rights which the Post-Conviction Act is designed to protect and preserve. The essence of waiver was reiterated by this court in *People v. Ashley*, 34 Ill. 2d 402, 408: 'We have consistently held that where review *has once been had* by a writ of error, * * * any claim which might there have been raised, but was not, is considered waived.' (Emphasis added.) (See *People v. La Frana*, 4 Ill. 2d 261, 266.)' Thus, a party who fails to take an appeal, whether by careful choice, inadvertence, indigence, or as a result of fleeing the jurisdiction as here, may waive claims of error, but any right which may have existed to a post-conviction hearing on the constitutionality of imprisonment will remain undiminished."
Thus, the defendant was not barred from raising the claim of an unfulfilled promise of leniency by way of a post-conviction petition solely because he had failed to comply with Supreme Court Rule 604(d).

## II.

The State, however, has argued on appeal that there was no error since the allegations made by the defendant in his *pro se* petition were insufficient to warrant an evidentiary hearing. We feel that this contention is premature since the public defender has attempted but has not filed an amended petition. We recognize that the able and experienced trial judge may well have felt that since the public defender simply indicated that the amended petition would allege an unfulfilled promise, there was no reason to delay his ruling on the sufficiency of the petition. But on the other hand, it is clear from the record that the public defender believed that the only issue which was to be argued before the court that day was whether any petition was barred by the defendant's failure to file a 604(d) motion; that he intended to file an amended petition if this threshold issue was resolved in his favor; and that he was not prepared to argue the merits of the petition. Counsel's obvious expectation that he would be allowed to file an amended petition should the threshold issue be resolved in his favor was no doubt caused by the fact that it is the duty of any counsel appointed to represent an indigent petitioner to consult with him either by mail or in person, to examine the trial record and to amend, if necessary, the *pro se* petition to make it adequately represent petitioner's intentions. (*People v. Slaughter* (1968), 39 Ill. 2d 278, 235 N.E.2d 566; *People v. Mass* (1972), 9 Ill. App. 3d 67, 292 N.E.2d 33.) Indeed, Supreme Court Rule 651(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 651(c)), requires that the record show that the attorney has done these things. We also note that

while normally the defendant would be bound by his own admission before sentencing, which is in the record, that he had been made no promises, here the truth of the statement in the record has been denied by the assistant state's attorney's own affidavit. In that affidavit, the assistant state's attorney agreed with the defendant that the statement in the record was in error; that an agreement was made. The dispute between the State and the defendant is not whether an agreement was made but what were the terms of the agreement. In the light of this fact and the fact that the public defender was only prepared to argue the threshold issue whether any petition was barred by the defendant's failure to file a 604(d) motion, which issue we have held was erroneously resolved, we believe the interests of justice require that we reverse this cause and remand to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

JOHNSON, P. J., and LINN, J., concur.