THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID PETROVIC, Defendant-Appellant.

Second District   No. 2—85—0334

Opinion filed September 10, 1986.

G. Joseph Weller and Michael F. Braun, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Kenneth R. Boyle, of State's Attorneys Appellate Prosecutor, of Springfield, and William L. Browers and Virginia M. Ashley, both of State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for the People.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Defendant, David Petrovic, pleaded guilty, pursuant to a plea agreement, to the offense of indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4(a)(3)) and was sentenced to a term of 14 years' imprisonment. His motion to withdraw the guilty plea was denied, and defendant appeals, contending (1) the State breached the plea agreement; (2) the trial court failed to identify the evidence upon which it relied in imposing sentence; and (3) the sentence was excessive.

Defendant was charged by indictment with two counts of taking indecent liberties with a child under the age of 16 years (Ill. Rev. Stat. 1983, ch. 38, pars. 11—4(a)(1), (a)(3).) On October 11, 1983, he entered a plea of guilty to count II before Judge Jack Hoogasian and, as a part of defendant's agreement with the State, count I was dismissed. A sentencing hearing was held on November 23, 1983, in which evidence was received, and defendant was sentenced to an extended term of 26

years' imprisonment. Subsequently, defendant's motion to withdraw that guilty plea was granted by Judge Hoogasian as defendant had not been admonished of the possibility he might receive an extended-term sentence.

The case was reassigned to Judge Lawrence Inglis before whom, on March 12, 1984, defendant again entered a plea of guilty to count II of the indictment and count I was dismissed by the State. Defendant was fully admonished by the trial court pursuant to Supreme Court Rule 402 (87 Ill. 2d R. 402), and does not now contend otherwise. Before the trial court accepted defendant's guilty plea, the judge was informed of the terms of a plea agreement entered between defendant and the State, as follows:

> "MR. CHANCEY [assistant State's Attorney]: The sum and substance of the negotiation is that the defendant would plead guilty to Count 2 of the indictment which alleges the offense of indecent liberties with a child in that he performed an act of lewd fondling of a child under the age of 16 years. The State would nolle pros Count 1 of the indictment which alleges an act of sexual intercourse with the same victim. The sentence would be left up to the Court.
>
> At the sentencing hearing, it's agreed by the parties that the transcript and the evidence which was presented at the first sentencing hearing before Judge Hoogasian would be provided to the Court so that instead of calling all the witnesses again, you could read those.
>
> Also, I believe the defendant would be asking for a court appointed psychiatrist, and the State has no objection to that.
>
> I believe those are all the terms of the negotiation.
>
> MR. RAFFERTY [defense counsel]: That's correct."

The trial judge also explained to defendant the circumstances under which an extended-term sentence could be imposed and defendant acknowledged he understood. Defendant was also advised by the court that if any promises had been made to him by anyone they would not be binding on the court and are unenforceable, and defendant stated he understood. The trial court thereupon accepted defendant's plea of guilty, ordered an updated presentence report and granted defendant's request for the appointment of a psychiatrist for purposes of the sentencing hearing. The State and defendant agreed that rather than recalling the witnesses who had testified at the first sentencing hearing before the other judge, that the present judge should consider the transcripts and record of that hearing.

At the commencement of the sentencing hearing held April 27,

1984, the trial judge stated he had read the record and transcripts of the first sentencing hearing, as had been requested by both counsel for the State and for defendant, and advised them there was material which the court believed it should not consider. The judge did not specify what portions of that record he would or would not consider in determining sentence, saying only that he would not consider a substantial portion of it and that some of defendant's objections at the first hearing were well-taken. The assistant State's Attorney requested that the court advise counsel of such matters; however, the judge did not wish to go through the large transcript for that purpose or to criticize another judge. Both the assistant State's Attorney and defendant's counsel acknowledged that it was their agreement that all of the matters heard at the first sentencing hearing were to be considered at this time, and both counsel also agreed that matters of credibility of the testimony from that hearing were for the court to determine. The judge then agreed to take that record into account in imposing sentence, stating he would consider only those matters received in evidence at the first sentencing hearing which he deemed appropriate.

On that basis, after the judge had completed reading the evidence and exhibits from the earlier hearing, the assistant State's Attorney and defendant's counsel argued sentencing alternatives. In doing so, the assistant State's Attorney stated, without objection, "The correct alternative for the Court here would be to sentence defendant to the Department of Corrections for as long as possible, and the longest possible sentence here is 30 years." After reviewing statutory factors in mitigation and aggravation (Ill. Rev. Stat. 1983, ch. 38, pars. 1005–5–3.1, 1005–5–3.2), the court stated it would not impose an extended term and sentenced defendant to 14 years' imprisonment.

Subsequently, then having new counsel, defendant filed a motion to withdraw his plea of guilty in which it was alleged that he had been told by his former attorney that if he pleaded guilty the State would not ask the court to impose an extended-term sentence and he would most likely get probation. The motion further alleged that the State did seek an extended-term sentence of 30 years' imprisonment at the sentencing hearing, and, that the 14-year term imposed was excessive. After a hearing, at which defendant was the only witness called to testify, the trial court denied the motion to withdraw the plea of guilty, and defendant appeals.

Defendant contends first that the State breached the plea agreement and he is thus entitled to withdrawal of the guilty plea or, alternatively, a new sentencing hearing before a different judge. Defendant also suggests in this regard that, at minimum, the matter should be

remanded to the trial court for an evidentiary hearing to permit defendant to prove the breach occurred. Defendant argues that as he testified at the hearing of the motion to withdraw the plea that his lawyer had told him the State would not request any particular sentence or an extended term, and the State did not present evidence to refute the existence of such an agreement, defendant is entitled to the alternate relief requested.

■ Where a plea of guilty rests in any significant degree on a promise by the prosecutor and the promise is not fulfilled, a defendant's plea is not voluntarily made and should be set aside. (*People v. Matthews* (1975), 60 Ill. 2d 123, 125, 324 N.E.2d 396; *People v. Culp* (1984), 127 Ill. App. 3d 916, 923, 468 N.E.2d 1328, *appeal denied* (1984), 101 Ill. 2d 584; *People v. Smithey* (1983), 120 Ill. App. 3d 26, 31, 458 N.E.2d 87, *appeal denied* (1984), 99 Ill. 2d 533.) In such cases, reviewing courts have remanded for a new plea or sentencing, as the case may require. (*People v. Langston* (1984), 125 Ill. App. 3d 479, 482, 466 N.E.2d 268; *People v. Davis* (1981), 94 Ill. App. 3d 809, 812, 419 N.E.2d 724; *People v. Gott* (1976), 43 Ill. App. 3d 137, 141, 356 N.E.2d 1102.) In each of the cases relied upon by defendant, however, there was sufficient evidence to establish that the claimed promise was actually a term of the plea agreement and that the prosecutor had failed to abide by his promise.

In the present case, defendant had an opportunity in the hearing of his motion to withdraw the plea to establish that the State had made, and failed to keep, a substantive term of the plea agreement. The only evidence offered by defendant, however, was his own testimony that his former lawyer had made such representations to defendant. For some reason, defendant failed to call as a witness either his former attorney or the assistant State's Attorney who, defendant asserts, were parties to the disputed agreement. In denying defendant's motion, the trial court noted it based the decision on the credibility of the witness.

■ We note that the terms of the plea agreement were stated on the record at the time defendant entered his plea of guilty. It provided that "the sentence would be left up to the court" and made no reference to any promise by the prosecutor that he would not make a sentence recommendation or to any promise that defendant would be placed upon probation. In addition, the trial court at that time advised defendant that any other promises made to him were not binding on the court, to which defendant replied that he understood. We conclude defendant failed to sustain his burden of proof to establish a violation of the plea agreement and the trial court correctly denied the motion

to withdraw the plea of guilty.

■ Defendant also argues that he is entitled to another evidentiary hearing to determine if the prosecutor made such a promise under *People v. Starks* (1985), 106 Ill. 2d 441, 478 N.E.2d 350. In *Starks*, however, defendant was not allowed to make a complete record in the trial court relating to his claim of a breach of a plea agreement, and our supreme court remanded for that purpose. Here, defendant had an opportunity to present any evidence at a full hearing of the issue, and is not entitled to do so again in another evidentiary hearing. See *People v. Gaines* (1984), 105 Ill. 2d 79, 91-92, 473 N.E.2d 868, *cert. denied* (1985), 471 U.S. 1131, 86 L. Ed. 2d 282, 105 S. Ct. 2666; *People v. Smith* (1985), 136 Ill. App. 3d 300, 302, 483 N.E.2d 655; *People v. Hanrahan* (1985), 132 Ill. App. 3d 640, 641, 478 N.E.2d 31, *appeal denied* (1985), 108 Ill. 2d 579.

Defendant next contends that the trial court erred when it declined to specify the evidence from the record of the first sentencing hearing which the court considered, or rejected, in making its sentencing decision. Defendant argues that, as a result, an inadequate record is presented for this court to review whether the sentence imposed was excessive.

■ Ordinarily, a sentencing court need not detail its reasons for imposing a particular sentence where a defendant has not requested that be done. (*People v. Davis* (1982), 93 Ill. 2d 155, 162-63, 442 N.E.2d 855; *People v. Burke* (1985), 136 Ill. App. 3d 593, 608, 483 N.E.2d 674, *appeal denied* (1985), 111 Ill. 2d 557; *People v. Piscotti* (1985), 136 Ill. App. 3d 420, 443-44, 483 N.E.2d 363.) An unusual problem arose in this case, however, as the trial judge was called upon by stipulation of the State and defendant to impose sentence upon the basis of evidence received in a prior sentencing hearing before another judge. In the earlier hearing testimony was admitted from witnesses called by both the State and by defendant, together with certain exhibits and an evidence deposition taken pursuant to Supreme Court Rule 414(a) (87 Ill. 2d R. 414(a)). The trial court expressed some concern in the second sentencing hearing whether unspecified portions of that evidence were properly before the court for consideration in fixing sentence. The trial court eventually determined that it would consider only those portions of that record it believed to be appropriate and would disregard the remainder in determining sentence. Both defendant and the State acquiesced in this approach when the judge indicated a reluctance to leaf through the lengthy record to identify the evidence it considered objectionable. The result of this procedure is that this court is unable to properly review defendant's present claim

that his sentence is excessive as we are not advised of those facts upon which the trial court relied in imposing it. Nor does the record demonstrate a basis for the exclusion of any of the evidence received in the first hearing from which we could determine what were the facts the trial court actually considered, or if it considered matters which were improperly admitted.

We conclude that the cause must be remanded to the trial court for a hearing in which defendant will be permitted to make any objections he may have to the admissibility of the evidence received in the first sentencing hearing (see *People v. La Pointe* (1982), 88 Ill. 2d 482, 431 N.E.2d 344); the State may respond to such objections and the trial court shall rule upon them. By this means a record will be developed on which this court can review the sentence which has been imposed in this case. We retain jurisdiction for that purpose, and both defendant and the State will then be allowed to file a supplemental record and briefs in this court addressing the remaining issue of the claimed excessiveness of sentence.

Accordingly, the judgment of the circuit court is affirmed, in part, and the cause remanded for the hearing described in this opinion.

Affirmed in part and remanded.

REINHARD and UNVERZAGT, JJ., concur.