THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. WILLIAM MUNDAY, Petitioner-Appellant.

Second District   No. 2—85—0967

Opinion filed March 31, 1987.

REINHARD, J., dissenting.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

Defendant, William Munday, appeals from an order which dismissed his petition for post-conviction relief without an evidentiary hearing. He contends: (1) that a hearing was required to resolve issues raised by defendant's petition that he lacked effective assistance of counsel when he entered his guilty plea to armed robbery and was sentenced to 30 years' imprisonment, and (2) the matter should be remanded to the judge before whom defendant entered the guilty plea and was sentenced, rather than to the judge who heard defendant's post-conviction petition.

Defendant was charged by indictment with armed robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18—2(a)), armed violence (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2), and aggravated battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(1)) following the holdup of employees of Office Environment Company in Elmhurst on April 25, 1980. Defendant appeared before Judge Anthony Peccarelli on January 3, 1983, with his attorneys William Murphy and David Tucker. Assistant State's Attorney Robert Schillerstrom advised the court that a negotiated plea agreement had been made which provided that defendant would plead guilty to armed robbery, the remaining charges in the indictment

would be dismissed, and two other unrelated charges would not be prosecuted. The assistant State's Attorney also advised the court that there was no agreement as to any sentence and that at the sentencing hearing both sides could present evidence and state what they believed would be an appropriate sentence. The State's Attorney suggested, too, that defendant be admonished again, including as to the extended-term provisions of the statute.

Defendant's counsel, William Murphy, then advised the trial court "that is my understanding of the agreement between the State and myself and I have relayed this to my client, Mr. Munday, in great detail, also, spent a great deal of time explaining his right to confront witnesses, his right to a jury and he knows the sanctions."

The trial judge thereupon advised the defendant of the terms of the plea agreement, as stated by the State's Attorney and concurred in by defendant's attorney, that defendant was going to enter a plea of guilty to count I of the indictment which charged a Class X crime for which he could be sentenced to not less than six years or more than 30 years plus three-year mandatory supervised release. The judge further advised defendant that there could be an enhanced penalty of not less than 30 years or more than 60 years and inquired whether defendant understood. Defendant replied that he did. The following colloquy between the court and defendant then took place:

"THE COURT: And the agreement, there is no agreement between the State and your attorney as expressed to me, with reference to the sentence. In other words, that is going to be determined after a presentence report and the hearing in mitigation and aggravation in which testimony can be adduced and that the sentence will be left to the court. Do you understand that, sir?

DEFENDANT MUNDAY: Yes, sir.

THE COURT: There is no agreement with reference to the sentence?

DEFENDANT MUNDAY: Yes, sir."

After the trial court further admonished defendant as to the consequences of a plea of guilty as required by Supreme Court Rule 402 (87 Ill. 2d R. 402) and considered the factual basis for the offense as stated by the State's Attorney (to which defendant's counsel stipulated), defendant withdrew his earlier plea of not guilty and entered a plea of guilty to count I of the indictment charging armed robbery. The trial court accepted defendant's plea and entered judgment thereon, ordered a presentence report, and set the matter for a sentencing hearing.

At the sentencing hearing held February 16, 1983, the State introduced in evidence certified copies of three burglary convictions of defendant in 1959 and an armed robbery conviction in 1981. Evidence was also received relating to defendant's participation in another armed robbery in 1980 for which he was not charged. In arguments for sentence, the State's Attorney referred to the presentence report noting that from 1954 to 1982 defendant had been imprisoned for a total of 15 years for serious offenses, including rape, for which he had been released from the penitentiary in 1972. The State's Attorney noted defendant was thus eligible for an extended-term sentence and recommended imprisonment for a term of 60 years for the present offense.

Defendant's counsel, William Murphy, then advised the court that it was his understanding that the State was not going to recommend any sentence of more than 20 years and that he had so advised defendant. Murphy stated that he had also advised defendant that there was no agreement as to sentence with the State and the court was not bound by any agreement, but that the State was going to ask for 20 years and counsel for less. The judge and counsel reviewed the transcript of the plea hearing, the court noting that it was clear no mention of such an agreement was made at that time and, also, that the judge had specifically asked defendant if any other promises had been made to him, to which he responded, "no." The State's Attorney stated it was a misunderstanding, as the People did not represent to defendant that a 20-year sentence would be recommended, and Mr. Murphy acknowledged that no reference to it is shown in the record of the plea hearing.

The trial court noted that at the time defendant entered his plea of guilty the court advised him it was bound by no agreement and sentencing was left to the court, which defendant had then acknowledged. The judge suggested that the sentencing hearing continue to its conclusion and defendant could thereafter move to withdraw his plea of guilty if Mr. Murphy believed that appropriate. The hearing did continue and a sentence of 30 years' imprisonment was imposed. The court admonished defendant pursuant to Supreme Court Rule 605(b) (87 Ill. 2d R. 605(b)) of his right to appeal and of the requirement that defendant first seek to withdraw his guilty plea. No motion to withdraw the plea or notice of appeal was filed by defendant or his counsel.

Thereafter on January 23, 1984, defendant, *pro se*, filed a postconviction petition in which he alleged that before entering the plea of guilty he had been advised by his attorneys that the State would rec-

ommend a 20-year sentence, that his attorneys would request a lesser sentence, and that defendant would receive a 10- to 12-year sentence. The petition also alleged that defendant had pleaded guilty based upon his attorneys' promises as to sentence and that he would not have done so if such promises had not been made. The public defender was appointed to represent defendant and an amended petition for post-conviction relief was filed which also alleged that defendant's trial counsel had been ineffective; it was supported by the affidavits of defendant's prior attorneys, William Murphy and David Tucker, who stated that they had reached an agreement with the State's Attorney's office that the State would recommend a 20-year sentence and they had never advised defendant that the State was free to recommend any other sentence or that the judge was not bound by the agreement.

A hearing of the State's motion to dismiss the post-conviction petition was held before Judge Edward Kowal, who noted that the transcript of the plea hearing made clear that no agreement had been made as to sentence and that defendant had been repeatedly advised the sentence was up to the court and could be for an extended term. Judge Kowal also found that defendant's counsel did everything possible for him in view of the numerous charges and defendant's prior record and they were not ineffective. The petition was dismissed without an evidentiary hearing, the court finding that the matter was covered by the affidavits and transcripts.

■■ Defendant contends first that the trial court erred in dismissing his post-conviction petition without an evidentiary hearing to determine the actual terms of the plea agreement and whether trial counsel was ineffective.

It would seem that if the allegations of defendant's petition for post-conviction relief, and the supportive affidavits of his trial attorneys, are true that he was misled by his counsel as to the terms of the plea agreement. Substantial erroneous and misleading information given to his client by an attorney relating to the terms of a purported sentence agreement with the State would clearly lie outside of the range of competence required of attorneys in criminal cases. (See *People v. Correa* (1985), 108 Ill. 2d 541, 485 N.E.2d 307; *People v. Morreale* (1952), 412 Ill. 528, 107 N.E.2d 721; *People v. Owsley* (1978), 66 Ill. App. 3d 234, 383 N.E.2d 271.) If a defendant has received ineffective assistance of counsel because of misleading advice upon which he relied in making his plea decision, the guilty plea may not be considered to have been intelligently and voluntarily entered. *People v. Correa* (1985), 108 Ill. 2d 541, 548-49, 485 N.E.2d 307.

■ Where a claim of substantial constitutional denial is based on assertions beyond the record it is contemplated that evidence should be taken. (*People v. Williams* (1970), 47 Ill. 2d 1, 3-4, 264 N.E.2d 697.) The affidavits of defendant and his attorneys relating to the claimed out-of-court representations of the terms of the sentence agreement with the State are not, and could not be, negated by the record, and an evidentiary hearing is therefore required to determine the truth or falsity of defendant's allegations. (47 Ill. 2d 1, 5, 264 N.E.2d 697.) An evidentiary hearing is required when the petition for post-conviction relief alleged that defendant's guilty plea was made as a result of unfulfilled promises of the prosecutor and his attorney. (*People v. Starks* (1985), 106 Ill. 2d 441, 452, 478 N.E.2d 350; *People v. Johnson* (1974), 17 Ill. App. 3d 277, 280, 308 N.E.2d 31, 33-34.) Upon the hearing of testimony from the attorneys for the State and defendant who negotiated the plea agreement and from the defendant, who failed to disclose his present understanding of the agreement at the plea hearing, it can be determined whether the plea agreement was in any respect different from those terms stated at the plea hearing.

It is very difficult for this court to understand how circumstances shown in this appeal could arise. At the January 3, 1983, plea hearing, the State's Attorney and trial judge clearly stated on the record the terms of the plea agreement in the presence of defendant and his two attorneys. Defendant and one of his attorneys then expressly agreed the terms were as stated and did not include any agreement as to sentence. In the present post-conviction proceeding, however, defendant and his attorneys state there was another agreement with "the State's Attorney's Office" having other, more favorable, terms. Supreme Court Rule 402(b) (87 Ill. 2d R. 402(b)), with which the trial court complied, requires that the terms of a plea agreement be stated in open court and its terms personally confirmed by a defendant. Defendant and his attorneys now urge by the petition and supporting affidavits that they, and the State's Attorney, failed to disclose certain terms of the agreement to the trial court and misled the court in its efforts to confirm those terms. Whether such a practice exists, contrary to the requirements of Supreme Court Rule 402(b), or whether this case demonstrates a continuing tactical effort on the part of his trial counsel to assist defendant will be better understood after a full hearing in which the court can assess the credibility of the witness. See *People v. Lovitz* (1981), 101 Ill. App. 3d 704, 709, 428 N.E.2d 727.

■ Defendant also contends that this cause must be remanded so

that the chief judge of Du Page County may consider the assignment of Judge Peccarelli, who presided at the guilty plea hearing, to the proceedings. The case was transferred from Judge Peccarelli to Judge Kowal on the court's own motion, apparently pursuant to that portion of section 122—8 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—8), which requires that post-conviction petitions shall be considered by a judge who was not involved in the original proceedings which resulted in the conviction. That section was held to be an unconstitutional violation of the separation of powers clause of the Illinois Constitution because it interferes with the judicial authority of the chief judge to assign judges to cases conferred by Supreme Court Rule 21(b) (94 Ill. 2d R. 21(b)). (*People v. Joseph* (1986), 113 Ill. 2d 36, 495 N.E.2d 501.) Defendant argues that because of the holding in *Joseph*, that portion of section 122—8 has been void since its enactment. (*People v. Nicholson* (1978), 61 Ill. App. 3d 621, 625-26, 377 N.E.2d 1063, 1067.) Defendant argues that Judge Peccarelli is in the best position to consider post-conviction proceedings because he presided at the guilty plea and sentencing hearings and that a different result may have been reached.

A judge other than the one who presided at prior proceedings is just as capable as the latter to determine whether defendant sufficiently alleged a substantial constitutional denial to necessitate an evidentiary hearing. In any event, whether a different judge would have been in a better position or whether there would have been a different result with a different judge, defendant has failed to show that by his case being assigned away from the original judge, apparently pursuant to a statute later found to be void, he was denied a constitutional right. Nor does *People v. Joseph* require that reassignment under the circumstances of this case.

Accordingly, without expressing any opinion as to the merits of the petition, the judgment of the circuit court is reversed and the cause remanded for an evidentiary hearing of defendant's post-conviction petition.

Reversed and remanded.

DUNN, J., concurs.

JUSTICE REINHARD, dissenting:

I am in substantial agreement with the principles of law discussed in the majority opinion. I share the majority's puzzlement with how the issue of any misunderstanding of the plea agreement could later

arise when, on this record, the trial court at the time of the plea of guilty clearly asked whether there was any agreement as to sentence and was informed by defendant and his counsel that there was none. I depart from the majority opinion only in that I would find that defendant, through his actions, has waived the issue of his right to an evidentiary hearing on the voluntariness of his plea resulting from the alleged unfulfilled promise of the prosecutor. More specifically, when at the sentencing hearing the alleged broken promise of the State regarding the sentence recommendation was first mentioned by defendant's counsel, the trial judge suggested that defendant could move to withdraw his guilty plea. No motion to withdraw the plea of guilty and vacate the judgment was ever made by defendant. Supreme Court Rule 604(d) (103 Ill. 2d R. 604(d)) expressly provides for such a procedure. The failure to timely make such a motion will result in the dismissal of a direct appeal. (*People v. Frey* (1977), 67 Ill. 2d 77, 364 N.E.2d 46.) The purpose of Rule 604(d) is to expeditiously dispose of matters beyond the record, matters which amongst others would show that a plea of guilty was not voluntarily made. 67 Ill. 2d 77, 85, 364 N.E.2d 46.

While it has been held that the failure to file a 604(d) motion to withdraw the plea of guilty will not bar a defendant from raising the claim of an unfulfilled promise of leniency in a post-conviction proceeding (*People v. Parker* (1978), 57 Ill. App. 3d 697, 700-01, 373 N.E.2d 737), under the particular circumstances here, defendant should not be able to avail himself of an evidentiary hearing in the context of a post-conviction proceeding when he declined the opportunity at the plea proceedings. In essence, defendant seeks an evidentiary hearing several years after the plea of guilty proceedings when, after the suggestion of the trial judge to consider moving to withdraw the plea of guilty, he chose to forego the opportunity to do so.

Defendant knew of his claim of an unfulfilled promise by the State and was informed he could move to withdraw his plea of guilty. He elected not to seek an evidentiary hearing or move to withdraw his plea of guilty at that time. I would find defendant has waived the opportunity to seek an evidentiary hearing and present the issue in this post-conviction proceeding. *Cf. People v. Miller* (1983), 120 Ill. App. 3d 495, 501-02, 457 N.E.2d 1373.