THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
PETER MURPHY, Defendant-Appellant.

First District (2nd Division)   No. 1—92—1219

Opinion filed June 1, 1993.

Chapman & Cutler, of Chicago (Michael W. Ford, George F. Venci, Jr., and Michele L. Niermann, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Donald T. Lyman, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE McCORMICK delivered the opinion of the court:

Defendant, Peter Murphy, pleaded guilty to first degree murder and later moved to withdraw his plea. Following an evidentiary hearing, the trial court denied the motion because defendant failed to prove that he had received ineffective assistance of counsel or that he had defenses worthy of consideration. Defendant appeals.

We affirm because the trial court's findings are not contrary to the manifest weight of the evidence and defendant has not shown that the trial court abused its discretion by denying the motion to withdraw the guilty plea.

On November 1, 1990, police arrested defendant and charged him with the murder of Kimberly Presley. On August 21, 1991, following four months of negotiations between the assistant public defender representing defendant, the assistant State's Attorney and the trial

court, defendant agreed to plead guilty to first degree murder in exchange for a sentence of 28 years' imprisonment.

In open court, before defendant pleaded guilty, the trial court advised defendant that the court could fine him up to $10,000 and sentence him to between 20 and 60 years' imprisonment for murder. Defendant said he understood. The court said:

"You have a right to a trial by jury ***.

You have the right to be confronted by all the witnesses against you. You have the right to present your own personal evidence in defense of these charges, and you further have the right to remain silent and require the State [to] prove their case against you beyond all reasonable doubt.

Do you understand by pleading guilty today, Peter Murphy, you are giving up all these rights and admitting commission of the crime?

A. Yes."

Defendant also stated that he signed the jury waiver voluntarily, and neither police, assistant State's Attorneys, defense attorneys, nor anyone else had made any promises or threats, apart from the plea bargain on the record, to force him to plead guilty. The assistant public defender stated that he had sufficient time to discuss the guilty plea with defendant.

Defendant, acting through the assistant public defender, stipulated that if called to testify, Andre Johnson would state that on September 8, 1990, Johnson, Presley and defendant went for a walk along some railroad tracks. Defendant had a hammer and wrenches because he had been fixing a car. Defendant and Presley argued. As a train went past, defendant hit the back of Presley's head with a hammer or wrench. When Presley stumbled, defendant shoved her against the side of the moving train. Defendant ran home and Johnson followed him.

Defendant also stipulated that, if called, the medical examiner would testify that Presley "died of cranial cerebral injuries due to blunt force," and a police officer would testify that defendant admitted that he hit Presley "one time with his fist and *** she fell into the side of a moving train."

The court asked defendant:

"Are those facts basically true and correct?

A. They ain't true.

THE COURT: Fine. Do you want to add any facts, sir?

A. Yes. I didn't have no hammer. I didn't have no wrenches, and I wasn't working on no cars.

\*\*\*

THE COURT: I understand that, but with the facts that were presented to the Court and what you are saying now, if you desire I'm still going forward with your plea of guilty to the charge of first degree murder. Is that what you want to do?

A. Yes.

THE COURT: Those facts that were reported to me by the prosecutor and the facts concerning yourself are sufficient under the law for me to \*\*\* sentence you. Is that \*\*\* what you want me to do \*\*\*?

A. Um-humm.

THE COURT: You are saying yes?

A. Yes."

To clarify the reasons supporting the agreed sentence of 28 years' imprisonment, the trial court asked the attorneys to state their arguments regarding sentencing on the record. The State asked for a sentence of 50 years' imprisonment, and defense asked for a more lenient sentence:

"[D]efendant is 27 years old, and we ask your Honor to look at his lack of any substantial \*\*\* criminal history. He has one possession of stolen motor vehicle back in 1982. \*\*\*

We would like the Court to understand there was some drinking involved before this occurred.

THE COURT: Some of the parties had told me that they were drinking involving all the parties.

[Defense attorney]: That's correct, the victim as well as the defendant as well as the witness. \*\*\* [T]here's a question as to whether or not the victim was pushed into a train or was pushed by a train and a post that was sticking out from the train \*\*\*. It wasn't he pushed her under a train.

\*\*\* [A] rail sticking out came by and hit the victim in the head. \*\*\* [I]f this piece wasn't sticking out perhaps she would be here today."

The court then entered the agreed sentence of 28 years' imprisonment.

With the assistance of a new attorney, defendant subsequently moved to withdraw his guilty plea. Defendant stated in his affidavit in support of the motion:

"I believed, and was not informed to the contrary by my counsel, that even after a guilty plea, I would be entitled to a trial by jury, in which any witness against me would be cross-examined and I could summon witnesses of my own.

*** [M]y counsel told me that if I did not plead guilty *** I would be imprisoned for the rest of my natural life."

Defendant argued that the court should allow him to withdraw his plea because (1) he misunderstood the law; (2) his assistant public defender misrepresented the consequences of refusing to plead guilty; (3) he received ineffective assistance of counsel; and (4) he had defenses worthy of consideration.

On March 6, 1992, the trial court held a hearing on the motion to withdraw the guilty plea. After counsel for the State and for defense argued their positions, the trial court said that it found the affidavit incredible. He said that the allegation that defendant thought he could present witnesses for a trial by jury after pleading guilty was "a false statement by this defendant. *** He is above average in intelligence. He has had numerous meetings with the assistant public defender *** who is highly trained and highly skilled." The trial court also found incredible defendant's statement that he thought he would be sentenced to natural life in prison if he did not plead guilty.

Defendant then presented his brother, Gary Murphy, as a witness. Gary testified that defendant dropped out of school in the ninth grade. Defendant asked Gary to read forms for him and help him fill them out. On defendant's job applications, Gary filled in everything except defendant's name and address; defendant was unemployed "because of his illi[t]eracy."

Defendant then told the court that the assistant public defender talked with him only once, when he was first arrested. Thereafter, each time he saw the assistant public defender, the assistant public defender simply told him that he was getting a continuance. The trial court said he "kn[e]w that after *** negotiations [the assistant public defender] repeatedly went and talked to" defendant. The trial court denied the motion to vacate the guilty plea.

Defendant asks this court to reverse the trial court's decision denying his motion to withdraw his guilty plea. Defendant does not argue in this appeal that the trial court erred by accepting the plea. However, if the trial court properly accepts a guilty plea, it should not lightly allow defendant to withdraw the plea.

Before the trial court accepts a guilty plea, it must follow the procedure established in Supreme Court Rule 402 (134 Ill. 2d R. 402), which is designed to ensure that defendant's guilty plea is made voluntarily and with full understanding of its consequences. The trial court must inform defendant of the nature of the charge and the minimum and maximum sentences prescribed by law. (134 Ill. 2d R. 402(a).) The court must remind defendant of his right to confront wit-

nesses in a trial by jury and that by pleading guilty he waives that right. (134 Ill. 2d R. 402(a).) The court must determine that the plea is not the result of threats or promises apart from the plea agreement stated on the record in open court. (134 Ill. 2d R. 402(b).) Finally, the court must determine that there is a factual basis for the plea. 134 Ill. 2d R. 402(c).

The trial court here fully complied with Rule 402. Defendant's disagreement with some of the testimony which he stipulated witnesses would give does not undercut the factual basis for the plea. The trial court can accept a guilty plea even from a defendant who protests his innocence, "if the record reflects a factual basis from which a jury could find the defendant guilty." *People v. Barker* (1980), 83 Ill. 2d 319, 333, 415 N.E.2d 404.

Here, defendant did not protest his innocence. He disputed testimony that he hit the victim with a hammer or wrench; he effectively acquiesced to testimony that he hit the victim and he shoved her against a moving train. As the trial court pointed out, even if it accepted defendant's version of the facts, it could accept his guilty plea because his acts of hitting the victim and shoving her against the train showed an intent to do great bodily harm and that is sufficient to support a finding of first degree murder. After defendant raised his objection to the stipulated testimony, the court clarified, through further questioning of defendant, that defendant still wished to plead guilty. Since the court fully complied with Rule 402, and defendant persisted in his guilty plea, the trial court properly accepted the plea. See *Barker*, 83 Ill. 2d at 333.

A defendant who has pleaded guilty has a right to withdraw that plea only in limited circumstances.

> "The decision whether to allow a defendant to withdraw a plea of guilty is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. [Citation.] Permission to withdraw a plea is granted not as a matter of right, but instead to correct a manifest injustice based on the facts of the case. [Citation.] Defendant has the burden of proving that the ends of justice require the withdrawal of the plea. [Citation.] To attain a reversal of a trial court's decision denying a motion to withdraw a guilty plea, a defendant must normally establish that (1) the guilty plea was attributable to a misapprehension of law or fact on his part; (2) he has a defense to the charge(s) worthy of consideration; or (3) there is doubt as to his guilt, and the ends of justice would be better served

by trial of the cause." *People v. Christensen* (1990), 197 Ill. App. 3d 807, 811-12, 555 N.E.2d 422.

Defendant argues first that he misunderstood the consequences of the plea and therefore it was involuntary. He stated in his affidavit that he believed that after he pleaded guilty, he would have a jury trial at which he could cross-examine witnesses and present his own witnesses. He further stated that his counsel did not tell him that by pleading guilty he waived the right to trial.

"To vacate a plea based on a misapprehension of law \*\*\*, the defendant must establish that [his] mistaken beliefs or impressions were reasonably justified under all the circumstances when those circumstances are judged by an objective standard rather than by the defendant's own subjective impression. \*\*\* Defendant presented no evidence other than [his] subjective perception that this misapprehension was reasonable \*\*\*. The trial court was not required to accept defendant's testimony at the motion to withdraw [his] guilty plea but could instead regard it as at best improbable and at worst false." *Christensen*, 197 Ill. App. 3d at 812-13.

■ The trial court here found defendant's affidavit false and on that basis the court properly rejected the first ground advanced for withdrawal of the plea. Moreover, even if the trial court had accepted the affidavit as true, the court should have rejected the motion because the affidavit does not state grounds on which the court could find defendant's belief reasonably justified. Defendant's attorney never told defendant that he would have a trial if he pleaded guilty, and the court clearly, on the record, informed defendant that he would not receive a trial if he pleaded guilty. The appellate court has held that where a defendant's misunderstanding of the law was not induced by counsel or the court, his guilty plea could stand. (*People v. Gasper* (1988), 167 Ill. App. 3d 218, 221, 521 N.E.2d 170.) The trial court did not abuse its discretion by rejecting the first proposed ground for allowing defendant to withdraw his guilty plea.

Defendant next contends that he should have been allowed to withdraw his guilty plea because he made the plea due to his attorney's misrepresentation that defendant would spend his natural life in prison if he did not plead guilty. In *People v. Munday* (1987), 153 Ill. App. 3d 910, 506 N.E.2d 445, the defendant pleaded guilty and then moved to withdraw his plea, supporting the motion with affidavits from himself and his attorneys, stating that the attorneys told the defendant that the State would recommend a sentence of 20 years' imprisonment and the court would probably sentence him to 10 to 12

years' imprisonment if he pleaded guilty. The State actually recommended a much higher sentence, and the court sentenced the defendant to 30 years' imprisonment. The appellate court held:

> "The affidavits of defendant and his attorneys relating to the claimed out-of-court representations *** could not be[] negated by the record, and an evidentiary hearing is therefore required to determine the truth or falsity of defendant's allegations." *Munday*, 153 Ill. App. 3d at 915.

■ Defendant contends that the trial court here "summarily denied" his motion, and he asks this court to remand so that the trial court can conduct an evidentiary hearing. The trial court has already held an evidentiary hearing at which defendant presented a witness and further told the court about his contacts with the assistant public defender. The trial court did not in any way restrict defendant's ability to present witnesses or other evidence in support of his motion to withdraw his plea. The trial court did not believe defendant's evidence that defendant's attorney told him that he would be sentenced to natural life in prison if he did not plead guilty; the trial court believed instead that defendant understood the trial court when the trial court informed him that he could be sentenced to anywhere between 20 and 60 years' imprisonment for the offense charged. For this proceeding, as with most criminal proceedings, "the determination of the credibility of the witnesses rests with the trier of fact, and the reviewing court will not substitute its judgment for that of the trier of fact unless it is against the manifest weight of the evidence." *People v. Ross* (1989), 191 Ill. App. 3d 1046, 1054, 548 N.E.2d 527.

In *People v. Petrovic* (1986), 146 Ill. App. 3d 857, 497 N.E.2d 199, the defendant pleaded guilty then moved to withdraw his plea. The trial court denied the motion after holding an evidentiary hearing. The appellate court, in affirming, said:

> "The only evidence offered by defendant, however, was his own testimony that his former lawyer had made such representations to defendant. For some reason, defendant failed to call as a witness *** his former attorney ***. In denying defendant's motion, the trial court noted it based the decision on the credibility of the witness.
>
> *** We conclude defendant failed to sustain his burden of proof *** and the trial court correctly denied the motion to withdraw the plea of guilty." (*Petrovic*, 146 Ill. App. 3d at 861-62.)

The appellate court also rejected the defendant's request for a further evidentiary hearing:

"[D]efendant had an opportunity to present any evidence at a full hearing of the issue, and is not entitled to do so again in another evidentiary hearing." *Petrovic*, 146 Ill. App. 3d at 862.

Similarly, in this case defendant presented evidence in support of his motion to withdraw his plea and the trial court rejected it as incredible. The trial court, as trier of fact, properly weighed the credibility of the evidence before ruling on the motion. (See *Munday*, 153 Ill. App. 3d at 915.) The trial court found that defendant failed to sustain his burden of proof on the motion to withdraw his plea. He is not entitled to a second opportunity to present witnesses at a second evidentiary hearing. Since we cannot say that the trial court's evaluation of credibility and findings of fact are contrary to the manifest weight of the evidence, we find that the trial court did not abuse its discretion by rejecting the second proffered basis for defendant's motion to withdraw his plea.

Defendant argues that the trial court should have allowed him to withdraw his plea because he did not receive effective assistance of counsel. Defendant relies again on his assertions that his attorney told him he would be sentenced to natural life in prison if he did not plead guilty, and his attorney failed to tell him that he would waive the right to trial if he pleaded guilty. The trial court, following hearing, found both allegations incredible, and thus it held that defendant had not met his burden of proving that the ends of justice required the court to allow defendant to withdraw his plea. Since we cannot say that the trial court's factual findings, dependent upon credibility, are contrary to the manifest weight of the evidence, we have no basis for finding defense counsel's conduct unprofessional, nor can we say that counsel's conduct prejudiced defendant. (See *People v. Brumas* (1990), 204 Ill. App. 3d 542, 546-47, 561 N.E.2d 1366.) Thus, we cannot find that the trial court abused its discretion by rejecting the alleged ineffective assistance of counsel as a basis for defendant's motion to withdraw his plea.

Finally, defendant contends that the trial court should have allowed him to withdraw his guilty plea because he had defenses available which were worthy of consideration. He claims that he did not possess the requisite mental state for first degree murder. At the sentencing hearing, defense counsel stated in mitigation that all three persons present when defendant hit the victim had been drinking, and counsel pointed out that defendant did not push the victim under a train. Defense counsel also said that the fatal blow may have been struck by a piece of rail sticking out from the train. While these allegations may present factors the court could consider as mitigating,

counsel's statements, even if true, do not show that defendant had a defense to the charge of murder.

■ Defendant's acts of hitting the victim and shoving her against a moving train are sufficient to show an intent to do great bodily harm. Even if defendant did not use a hammer and the blow he struck was not the fatal blow, defendant left the victim lying by the track where she may later have been struck by a piece of rail sticking out from the train. The later blow does not break the causal connection between defendant's acts and the victim's death.

"There are often cases in which the precise manner of death will not be foreseeable to the defendant ***. This does not relieve the defendant of responsibility." (*People v. Brackett* (1987), 117 Ill. 2d 170, 180, 510 N.E.2d 877.) The defendant is guilty of murder if he knows that his acts create a strong probability of great bodily harm and that those acts are "a contributory cause and *** death did not result from a cause unconnected with the defendant." (*People v. Osborne* (1989), 183 Ill. App. 3d 5, 9, 538 N.E.2d 822.) The facts which defendant and his counsel did not dispute still leave defendant guilty of an act which caused the victim's death, and the circumstances indicate that defendant knew that his acts created a strong probability of great bodily harm.

Neither is counsel's representation that defendant was drinking sufficient to show that defendant had a viable defense to the murder charge.

> "In order for defendant to maintain voluntary intoxication as an affirmative defense, the voluntary intoxication must be so extreme as to suspend all of defendant's powers of reason." (*People v. Kyse* (1991), 220 Ill. App. 3d 971, 974, 581 N.E.2d 285.)

Defendant here failed to present any evidence which would give rise to an inference that he did not know what he was doing when he struck the victim. Therefore, he failed to meet his burden of proving that he had a defense worthy of consideration.

Since defendant failed to meet his burden of proof at the evidentiary hearing on all bases he advanced in support of his motion, the trial court did not abuse its discretion when it denied the motion. Accordingly, we affirm the trial court's decision denying defendant's motion to withdraw his guilty plea.

Affirmed.

HARTMAN and SCARIANO, JJ., concur.