THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROSETTA DAVIS, Defendant-Appellant.

Third District    No. 80-374

Opinion filed April 9, 1981.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

On October 17, 1979, Rosetta Davis, the defendant, was indicted for the murder of Harold Johnson. Subsequently, as a result of a plea agreement, she pleaded guilty to voluntary manslaughter (Ill. Rev. Stat. 1979, ch. 38, par. 9(2)(b)). After a sentencing hearing, defendant moved to modify her sentence and vacate her guilty plea pursuant to Supreme Court Rule 604(d) (73 Ill. 2d R. 604(d)). The La Salle County Circuit Court denied both motions.

On appeal, Ms. Davis contends her guilty plea was the product of a prosecutor's promise during plea negotiations. Since he failed to perform consistent with that promise, she maintains, her plea of guilty was involuntary. Secondly, she maintains her 5½-year penitentiary sentence is excessive.

The pertinent facts are the conditions of the plea agreement. Therefore, we need not dwell on the extreme details relative to Harold Johnson's death. The record establishes that on January 4, 1980, Ms. Davis made an offer to plead guilty to a criminal information charging her with voluntary manslaughter of Mr. Johnson. In consideration for this promise the People made two assurances: the State would dismiss the indictment charging her with murder; and, the prosecutor would make no specific sentencing recommendation. The trial judge recited the agreement before the parties in open court. He also, pursuant to Supreme Court Rule, determined Ms. Davis realized the nature of the charge, that her plea was voluntary, and she understood the constitutional rights she was relinquishing by pleading guilty. The People presented facts showing that on September 28, 1979, in La Salle County at approximately 3 in the morning, Ms. Davis, under aggravating circumstances, shot and killed Harold Johnson. The plea was accepted and judgment entered thereon.

At the subsequent sentencing hearing, nine witnesses testified in behalf of the defendant. The bulk of the testimony consists of Ms. Davis' version of the events preceding, and resulting in, Harold Johnson's death. Other witnesses testified to the irreparable effect the imprisonment of

Rosetta Davis would have on her minor children. Photographic evidence, introduced by the defense, showed that subsequent to the offense, Ms. Davis had scratches and abrasions on private parts of her anatomy.

During this hearing the prosecutor conducted an adept cross-examination of Ms. Davis. He highlighted various inconsistencies between her testimony and an earlier statement made to the police. She admitted theft of a pistol from the body of the deceased after shooting him. In addressing her past criminal convictions the prosecutor stated he did not believe Ms. Davis was a "probationable person." He also said:

> "Defense counsel argues that this is a person likely not to commit more offenses and likely to successfully complete the terms of probation. I think, your Honor, all you have to do is look at the record of convictions."

Finally, the prosecutor maintained, "an individual [the defendant] like that is not likely to comply with the terms of probation." Conversely, in her argument, the defendant fervently urged the judge to consider a sentence of only probation.

■■ Where a guilty plea rests to any significant degree on the promise of a prosecutor, so that the promise is a component for the inducement of that plea, the promise must be fulfilled. (*Santobello v. New York* (1971), 404 U.S. 257, 262, 30 L. Ed. 2d 427, 433, 92 S. Ct. 495, 499.) The concept of plea bargaining and its attendant benefits for both parties is a necessary element of criminal justice administration. (See *Blackledge v. Allison* (1977), 431 U.S. 63, 71, 52 L. Ed. 2d 136, 145, 97 S. Ct. 1621, 1627.) While plea negotiations exist in the criminal justice structure, they are governed by contract law principles. A plea agreement results where the prosecutor and the accused exchange promises to do or refrain from doing certain acts. The test of the breach of such an agreement is an objective one. Motives and justifications of the parties are largely irrelevant under such a theory.

■■ When the prosecutor argued against probation, he breached his promise under the plea agreement. Literally, a particular sentence was not requested. Yet it is equally clear that a person who is not "probationable" or willing to adhere to the conditions of probation is a candidate for prison. Such an argument deserves no other interpretation.

A prosecutor has a duty to convey all information to the court so that it can determine a just sentence. Often this entails the affirmative introduction of evidence and probing cross-examination. Discharging this duty, however, does not grant a prosecutor a license to abrogate plea agreements with a defendant. Adherence to the terms of the plea agreement is necessary because a guilty plea induced thereby is conditional in nature. It involves a quid pro quo. If the defendant pleads guilty

and the prosecutor fails to comply with his promise, he abrogates the basis for the plea.

■■ What Ms. Davis seeks, however, is a rescission of the plea agreement. This is not the proper remedy. When pleading guilty, she did so consciously, freely, under no coercion, and in the presence of her attorney. No promises were made as to the possible sentence she would receive. She is not entitled to withdraw her plea because she is unhappy with the length of her sentence. The prosecutor's subsequent conduct or statements during plea bargaining did not cause the defendant to misapprehend the nature of the contractual promises contained in the plea agreement at the time it was made. Therefore, her plea was voluntary. (*People v. Gott* (1976), 43 Ill. App. 3d 137.) The plea should not be vacated but the sentence should. In so finding, we make no comment on the appropriateness of the length of the sentence or the denial of probation. Rather, we conclude that the recommendation of the prosecutor which breached the plea agreement tainted the sentence thereafter imposed.

The sentencing judge said the prosecutor's arguments had no influence on him concerning his sentencing determination. That may well be correct. However, defendant did not get what she bargained for. That was a sentence free of a prosecutorial recommendation. Defendant is entitled to the fulfillment of the plea agreement.

Accordingly, the conviction of Ms. Davis for voluntary manslaughter is affirmed. The sentence imposed is vacated and this cause is remanded to the Circuit Court of La Salle County for a new sentencing hearing and the imposition of sentence before a judge other than the one who imposed the sentence in this case.

Affirmed in part; remanded in part; sentence vacated.

SCOTT, P. J., and STOUDER, J., concur.