THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH J. LANGSTON, Defendant-Appellant.

Fifth District   No. 5—83—0410

Opinion filed June 1, 1984.

Randy E. Blue and John R. Abell, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

David W. Hauptmann, State's Attorney, of Harrisburg (Kenneth R. Boyle, Stephen E. Norris, and Susan M. Young, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE JONES delivered the opinion of the court:

The defendant, Kenneth J. Langston, was charged with two counts of residential burglary, two counts of criminal damage to property, and one count of felony theft. The parties agreed that defendant would plead guilty to two counts of residential burglary and that the State would dismiss the remaining charges and recommend sentences of six years' imprisonment. Twice during the plea proceedings, the court admonished defendant that it had not participated in the plea discussion and was not bound by the recommendation. The court was advised that in 1977 defendant was convicted of either robbery or armed robbery, attempted robbery and burglary. It was further represented to the court that defendant had three other burglary convictions and three theft-related convictions. The trial court admonished the defendant pursuant to Supreme Court Rule 402 (87 Ill. 2d R. 402) and accepted defendant's pleas of guilty to residential burglary. The court then ordered a presentence investigation.

The presentence report revealed that defendant had thrice been convicted of burglary, and once for armed robbery, robbery, attempted robbery, and felony theft. The probation officer testified that defendant, although 30 years of age, is immature and not able to cope with responsibility outside a penal setting and that, therefore, he abuses drugs and alcohol, which leads to his criminal behavior. He stated that defendant has learned to cope in a penal setting, where he has been a model prisoner. The State's Attorney placed the victims of defendant's crimes on the stand where they testified as to the effect that defendant's actions have had on their lives. The arresting officer, called by the State, testified that defendant had attempted to strike

him and was unruly at the hospital where he was taken for treatment for an arm injury. The prosecutor discussed each item in the list of mitigating factors (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.1(a)) and concluded that, although defendant was eligible for extended-term and consecutive sentencing totaling 60 years, the State would recommend 15 years' imprisonment. Defendant, in his sentencing argument, reminded the court that the prosecutor had agreed to recommend six years' imprisonment. The court sentenced defendant to concurrent terms of 10 years' imprisonment.

Defendant filed a motion to withdraw his pleas of guilty pursuant to Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)), which alleged that his guilty pleas were involuntarily induced by a plea agreement which was unfulfilled. At the hearing on the motion, the court stated that he had advised defendant that the court was not bound by the plea agreement and that a defendant had no right to know what sentence the court would impose. The motion, therefore, was denied.

The only issues on appeal are whether the violation of the plea agreement rendered defendant's plea involuntary and, if so, what remedy should be utilized. The defendant argues that he should be allowed to withdraw his pleas of guilty, while the State argues that the remedy is to remand the case for a new sentencing hearing.

█ If the plea agreement that induced defendant's pleas of guilty to the charges of residential burglary was violated by the prosecutor, then defendant's pleas are rendered involuntary and the trial court's acceptance of those pleas is a violation of defendant's right to due process of law. A plea of guilty made in reliance on an unfulfilled promise is not voluntarily made by a defendant. (*Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495; *People v. Price* (1976), 36 Ill. App. 3d 566, 344 N.E.2d 559.) The State argues that defendant has not shown that his pleas of guilty were induced by the prosecutor's promise to recommend six-year sentences because the court stated that it was not bound by the prosecutor's recommendation and defendant persisted in his plea of guilty in the face of this admonishment. In *Santobello v. New York* and *People v. Reher* (1978), 60 Ill. App. 3d 32, 376 N.E.2d 402, the trial court stated that the prosecutor's recommendation had no bearing on the court's sentencing decision, yet the pleas in those cases were set aside and the cases remanded for further proceedings.

█ The State further argues that because defendant did not testify at the Rule 604(d) hearing, he did not establish that his pleas were induced by the prosecutor's promise. Defendant, however, did argue at the Rule 604(d) hearing that his pleas were induced by the

prosecutor's promise and alleged same in the Rule 604(d) motion, yet the prosecutor did not object at the hearing nor demand strict proof of the allegations. Therefore, we find that the record establishes that defendant's pleas of guilty were based to a significant degree on the promise of the prosecutor.

■■ ■ In *Santobello v. New York*, (1971), 404 U.S. 257, 263, 30 L. Ed. 2d 427, 433-34, 92 S. Ct. 495, 499, the United States Supreme Court concluded that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiations of pleas of guilty would be best served by remanding the case to the State courts for further consideration.

> "The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, i.e., the opportunity to withdraw his plea of guilty."

This court has previously ruled that a guilty plea entered as a result of an unfulfilled promise must be vacated (*People v. Price*), while other districts of the Illinois Appellate Court have remanded the case for a new sentencing hearing and the imposition of sentence before a judge other than the one who imposed the sentence. (*People v. Davis* (1981), 94 Ill. App. 3d 809, 419 N.E.2d 724; *People v. Gott* (1976), 43 Ill. App. 3d 137, 356 N.E.2d 1102.) In the case at bar, the defendant asks this court and the trial court to allow him to withdraw his pleas of guilty. Since the prosecutor argued for a 15-year sentence at the sentencing hearing, he also does not wish to be bound by the plea agreement. Accordingly, this court will not seek to compel the prosecutor now to recommend six-year sentences in the face of his stated recommendation of 15 years. While plea negotiations exist in the criminal justice structure, they are governed to some extent by contract law principles. A plea agreement results where the prosecutor and the accused exchange promises to do or refrain from doing certain acts. The test of the breach of such an agreement is an objective one. Motives and justification of the parties are largely irrelevant under such a theory. (*People v. Davis.*) As the trial court record indicates that neither party wishes to be bound by the plea agreement, the cause is remanded to the circuit court of Saline County to allow defendant to withdraw his pleas of guilty and to plead anew. See *People v. McKirdie* (1970), 45 Ill. 2d 300, 259 N.E.2d 16, *cert. denied*

(1971), 400 U.S. 1010, 27 L. Ed. 2d 624, 91 S. Ct. 571.

We would note that this opinion is not to be taken as a criticism of the sentencing judge, because the defalcation rests with the prosecutor.

Reversed and remanded with directions.

WELCH, P.J., and KARNS, J., concur.