THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROSS KIRK, Defendant-Appellant.

Fifth District    No. 5—84—0708

Opinion filed April 17, 1985.

Randy E. Blue and John R. Abell, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kenneth R. Boyle, Stephen E. Norris, and Susan M. Young, all of State's Attorneys Appellate Service Commission, of Mt. Vernon, for the People.

PRESIDING JUSTICE JONES delivered the opinion of the court:

The defendant, Ross Kirk, pleaded guilty to burglary and was sentenced to three years' imprisonment. The only issue on appeal is whether the State's Attorney breached the plea agreement to stand mute at the sentencing hearing. We affirm.

■■ The State initially contends that the issue is waived by the failure of the defendant to object at the sentencing hearing at the time the statements were made. The issue, however, was raised in defendant's amended motion to withdraw his plea of guilty which was filed pursuant to Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)). Therefore, we will consider the issue raised in this appeal.

Prior to the court's accepting defendant's plea of guilty to burglary, which had been reduced from a charge of home invasion, the State's Attorney stated:

"We have advised counsel for the Defendant we will stand mute as to any recommendation, and will present no aggravation at pre-sentencing hearing. We will stand on the pre-sentence report and the Court's jurisdictional notice of evidence at the pre-sentence hearing."

The presentence investigation revealed that defendant had had juvenile adjudications based on burglary and theft and that he had had adult misdemeanor convictions for unlawful possession of cannabis and illegal possession of alcohol by a minor. Defendant had successfully completed court supervision imposed upon a misdemeanor escape charge. At the sentencing hearing, defendant, age 18, presented evidence that he had been placed in various foster homes, that he was now attending Triton Junior College, where he is on the football team, that this incident stemmed from alcohol abuse and that he is employed full time when not attending college. The defense attorney made a lengthy argument in support of his recommendation of proba-

tion. The State's Attorney stated:

"We per agreement made no recommendation. It is up to the Court. Anything the Court imposes in this is rough because it is a felony conviction. The offense is quite serious, and the Defendant has had his problems and that is all I am going to say. The Court has heard the testimony, and all we can do is submit to the Court the offense occurred in Mr. Ahlfield's home and Mr. Ahlfield's family. As the Defendant states alcohol was involved. I believe the evidence is to that effect, and the Defendant has been ably represented, and we have submitted no evidence in aggravation other than what the Court heard in the Preliminary Hearing and the finding of guilty in the negotiated plea. The only thing that applies, militates what Mr. Roberts has suggested, possibly alternative, I guess probation,—in any event it is a felony whether or not any serious harm was threatened or caused. I don't think there was any serious harm in a physical sense. It is a serious crime because it is a dangerous crime for both the perpetrator and the victim. In its deliberation we trust the Court will consider all with the Defendant's record and background and what he is trying to accomplish in school and as well as the victims, what they suffered. We will rest without saying anything further."

If the plea agreement that induced defendant's plea of guilty to the charge of burglary was violated by the prosecutor, then defendant's plea is rendered involuntary, and the court's acceptance of that plea is a violation of defendant's right to due process of law. A plea of guilty made in reliance on an unfulfilled promise is not voluntarily made by a defendant. *Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495; *People v. Langston* (1984), 125 Ill. App. 3d 479, 466 N.E.2d 268.

■ In the case at bar, the matters mentioned by the State's Attorney were apparent to the sentencing judge on the record. The State's Attorney was merely reciting the facts and not making any argument for the imposition of any particular sentence or for the denial of probation. Had the State's Attorney stood mute, the trial court, with a cursory examination of the record, would have had the same information. The State's Attorney's statement was basically a concise recapitulation of the lengthy statement of defense counsel.

Defendant received the minimum penal sentence for burglary (Ill. Rev. Stat. 1983, ch. 38, pars. 19—1(b), 1005—8—1(a)(5)). Defendant's prior criminal record reflects that probation was tried but did not result in defendant's rehabilitation from his criminal activity; defend-

ant could not reasonably expect to receive probation again. Defendant received the minimum penal sentence, and we are not able to find that the trial court acted arbitrarily (*People ex rel. Ward v. Moran* (1973), 54 Ill. 2d 552, 301 N.E.2d 300) or that the State's Attorney violated the plea agreement.

Affirmed.

KASSERMAN and KARNS, JJ., concur.