THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee v.
ROBERT LEE MITCHELL, Defendant-Appellant.

Fifth District    No. 5—85—0316

Opinion filed April 28, 1986.

Randy E. Blue and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

David W. Hauptmann, State's Attorney, of Harrisburg (Kenneth R. Boyle, Stephen E. Norris, and Kim Noffke, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

The defendant, Robert Lee Mitchell, was charged with burglary, felony criminal damage to property, and misdemeanor theft. In exchange for the State's agreement to dismiss the theft and criminal damage to property charges and to recommend a sentence of four years' imprisonment, defendant pleaded guilty to burglary. Defendant was sentenced to seven years' imprisonment. Defendant filed a motion to withdraw his plea of guilty pursuant to Supreme Court Rule 604(d) (103 Ill. 2d R. 604(d)) which alleged that the State breached its plea agreement at the sentencing hearing by implying or suggesting a sentence which was different than the sentence agreed upon. The court denied the motion to withdraw the plea. On appeal, defendant contends that the prosecutor reneged on his plea agreement with the defendant; therefore, defendant either is entitled to a new sentencing hearing before a different judge or should be allowed to plead anew. Defendant also contends the trial court erred in failing to advise the defendant of the possibility of treatment under the Alcoholism and Substance Abuse Act (Ill. Rev. Stat., 1984 Supp., ch. 111½, pars. 6321 through 6323) in lieu of criminal sentencing.

The presentence investigation reveals that defendant, age 28, had previously been convicted of unlawful possession of cannabis, disorderly conduct, burglary, misdemeanor theft, and twice of felony theft. Also included in the presentence report was an incident report prepared by a Saline County jailer. The report stated that wire from a broom handle was found in defendant's cell, and defendant admitted rigging his cell door so it could be opened in order that two other prisoners might have sexual relations with their wives or girl friends.

At the sentencing hearing, the State presented evidence concerning the rigging incident while defendant presented evidence that his personality had changed for the better during the previous two years and that he had severe knee pain which required pain killing drugs. The prosecutor stated:

"Yes, Your Honor, the State had originally agreed to a sentence of 4 years in this cause and we understand that the defendant is not eligible for probation having prior been convicted of the offense of burglary and also he had a prior offense of theft. We're not so sure of the law, we don't think that we're bound by any prior agreement that we may have had with the defendant since the Court elected to not accept that agreement. There is [sic] different reasons why people agree to sentences, sometimes expediency is one of those reasons. We would simply submit to the Court that since the alleged offense

and the plea of guilty on this offense that there has been an incident involved in the jail. The Court's heard testimony regarding a so called two versions of the incident, I would submit to the Court that the only person who had anything to gain by the doors happening to be loose and him happening to get out his *[sic]* cell would be one Robert Mitchell.

\* \* \*

I would simply submit to the Court that it is the obligation of the Court to impose the sentence, I would ask the Court to consider the fact that the defendant has plead guilty to burglary, it says that it is an impulsive act although we submit to the Court that he was found with a toboggan [mask], gloves and burglary tools all in his possession at the time and I would also ask the Court to consider that whatever problems that existed in 1979 I am sure they exist in 1984 and in 1979 the Honorable Arlie O. Boswell sentenced the defendant to six years for Burglary and I am sure considered the defendant's prior record at that time which included a sentence out in New Orleans, LA plus some other offenses at the time. So, Your Honor, I would submit to the Court that the defendant definitely belongs in the Department of Corrections and we're asking the Court to impose a sentence that it deems fair considering the circumstances and the facts in this defendant's life and what he's done and not done during his life. The Court notes, it seems like every four years the defendant gets the urge to either steal or break in something so for those reasons the Court may not feel that a four year sentence is appropriate and under those circumstances then we would ask the Court to depict the appropriate sentence at this time. Thank you.''

If the plea agreement that induced defendant's plea of guilty to the charge of burglary was violated by the prosecutor, then defendant's plea is rendered involuntary and the trial court's acceptance of that plea is a violation of defendant's right to due process of law. A plea of guilty made in reliance on an unfilled promise if not voluntarily made by a defendant. (*Santobello v. New York* (1971), 404 U.S. 257, 262, 30 L. Ed. 2d 427, 433, 92 S. Ct. 495, 499; *People v. Langston* (1984), 125 Ill. App. 3d 479, 481, 466 N.E.2d 268, 269.) The prosecution must honor the terms of plea agreements it makes with defendants. (*People v. Curvin* (1980), 81 Ill. App. 3d 481, 484, 401 N.E.2d 575, 578.) It is of no consequence that a recommendation, if made, would not have been binding on the court imposing sentence, for defendant might well have thought the court imposing sentence

would have given some consideration to the recommendation. (*People v. Mitchell* (1970), 46 Ill. 2d 133, 134, 262 N.E.2d 915, 916.) While plea negotiations exist in the criminal justice structure, they are governed to some extent by contract law principles. A plea agreement results where the prosecutor and the accused exchange promises to do or refrain from doing certain acts. The test of the breach of such an agreement is an objective one. Motives and justification of the parties are largely irrelevant under such a theory. As the trial court record indicates that neither party wishes to be bound by the plea agreement, the cause is remanded to the circuit court of Saline County to allow defendant to withdraw his plea of guilty and to plead anew. *People v. Langston* (1984), 125 Ill. App. 3d 479, 482, 466 N.E.2d 268, 269.

■ In the case at bar, the State argues that the State's Attorney did not recommend a sentence other than four years imprisonment; therefore, the agreement was not breached. The State's Attorney stated, however, that he may not be bound by the agreement as the court had not concurred in the agreement. The State's Attorney concluded by asking the court to impose an appropriate sentence. This court feels the prosecutor's statements went further than merely reciting the facts on the record as occurred in *People v. Kirk* (1985), 133 Ill. App. 3d 641, 479 N.E.2d 368.

We would note that this order is not to be taken as a criticism of the sentencing judge because the defalcation rests with the prosecutor.

Due to the disposition of this court, we need not discuss defendant's contention that he should have been advised of the provisions of the Alcoholism and Substance Abuse Act.

Reversed and remanded with directions.

KASSERMAN, P.J., and KARNS, J., concur.