THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JASON MALTIMORE, Defendant-Appellant.

Fifth District    No. 5—93—0464

Opinion filed December 29, 1994.—Rehearing denied January 19, 1995.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William R. Haine, State's Attorney, of Edwardsville (Stephen E. Norris and Gerry R. Arnold, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LEWIS delivered the opinion of the court:

The defendant, Jason Maltimore, pursuant to negotiations, pleaded guilty to residential burglary in Madison County Nos. 92—CF—1797, 93—CF—350, and 93—CF—352. He was sentenced to four years' imprisonment in No. 92—CF—1797. He was sentenced to concurrent terms of six years' imprisonment in Nos. 93—CF—350 and 93—CF—352, which were to be served consecutively to the four-year sentence of imprisonment. He subsequently filed a *pro se* motion for reduction in sentences, which was denied without a hearing on the basis that the sentences had been negotiated.

On appeal, defendant contends that the trial court erred in denying his motion for reduction of sentences without first appointing counsel for him, notifying the public defender who had represented him at the plea proceedings, or obtaining a waiver of counsel from him. The State contends that the appeal from the judgment in No. 92—C—F1797 should be dismissed because no post-plea motion was filed within 30 days of judgment. In Nos. 93—CF—350 and 93—CF—352, the State, relying on our decision in *People v. Goodbrake* (1994), 255 Ill. App. 3d 833, 627 N.E.2d 779, contends that remandment is not necessary because by filing the motions to reduce sentences, defendant is attempting to abrogate the plea agreement.

The pertinent facts are as follows. On March 8, 1993, the defendant pleaded guilty to residential burglary in No. 92—CF—1797 and was sentenced to four years' imprisonment with a recommendation for the impact-incarceration program. On May 17, 1993, defendant pleaded guilty to residential burglary in Nos. 93—CF—350 and 93—CF—352 and was sentenced to concurrent terms of six years' imprisonment, which are to be served consecutively to the sentence in No. 92—CF—1797. On June 14, 1993, he filed a motion for reduction of sentence, a motion to proceed *in forma pauperis* and for appointment of counsel, and an affidavit *in forma pauperis*. The foregoing documents listed all three case numbers. On June 16, 1994, the court denied the motions and held that the pleas were negotiated and defendant acknowledged receipt of the negotiated sentences.

Supreme Court Rule 604(d) provides, in pertinent part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged \*\*\*. \*\*\* The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel." 145 Ill. 2d R. 604(d).

In No. 92—CF—1797, defendant did not strictly comply with Rule 604(d) because he failed to file his motion to reduce sentence within 30 days of sentencing. He argues that while the trial court advised him of certain aspects of post-plea procedure, it did not advise him that a motion attacking the judgment had to be filed within 30 days of judgment. Supreme Court Rule 605(b)(2) (145 Ill. 2d R. 605(b)(2)) provides that the trial court should advise the defendant that the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion to reduce sentence or to withdraw the guilty plea. Defendant concludes that he should not be penalized for the trial court's noncompliance with Rule 605(b)(2) and that his failure to timely file a motion to reduce sentence should be excused. (See *People v. Castillo* (1993), 243 Ill. App. 3d 818, 612 N.E.2d 533; *People v. Raue* (1992), 236 Ill. App. 3d 948, 602 N.E.2d 846; *People v. Ramage* (1992), 229 Ill. App. 3d 1027, 595 N.E.2d 222; *People v. Balsar* (1989), 178 Ill. App. 3d 876, 533 N.E.2d 1140.) However, due to the result reached in this case, we will assume that the failure of the trial court to inform defendant of the 30-day time limitation for filing post-plea motions excused his failure to file a timely post-plea motion in No. 92—CF—1797.

The sole issue before this court is whether the trial court must appoint counsel at the request of an indigent defendant in order to pursue a patently frivolous motion. Admittedly, there is no statutory authority to dismiss frivolous motions such as is set forth in the Post-Conviction Hearing Act. (See 725 ILCS 5/122—2.1(a)(2) (West 1992).) However, a court should have the inherent power to husband its time by dismissing motions that do not state any possible grounds for relief.

It must be emphasized that the defendant did not enter an open plea; rather, he negotiated with the State as to what the sentences would be. We first must look at the practical aspects of a challenge to a negotiated sentence before examining the law. There was no presentence report and sentencing hearing in the case at bar, and only rarely would there be a report and hearing in negotiated cases, due to the agreed-upon sentences. Common sense dictates that a judge should not grant a motion to reduce a sentence without knowing anything about the defendant other than what the defendant asserts in his motion to reduce sentence. Moreover, the Unified Code of Corrections requires a written presentence investigation and sentencing hearing for all felonies, unless there is an agreed-upon imposition of a specific sentence. (730 ILCS 5/5—3—1, 5—4—1 (West 1992).) If the courts seriously consider every motion that challenges the sentences in cases involving negotiated pleas, there will have to

be a presentence report and sentencing hearing. If the courts are not going to seriously consider the defendant's motion, then the courts should not mislead the defendants and should save the time and costs of conducting a sham hearing. Since the vast majority of criminal cases are disposed of by negotiated pleas, the courts would be creating a monster if a defendant were ever successful in having his negotiated sentence reduced.

We indicated in *People v. Goodbrake* (1994), 255 Ill. App. 3d 833, 836, 627 N.E.2d 779, 781, that a negotiated plea was a bargain entered into by and between the parties and accepted by the court. Not only would it be fundamentally unfair to the People of the State of Illinois to allow defendant to renege on his bargain, but it would also impede, if not abrogate, the settlement of criminal cases by negotiated pleas. (*Goodbrake*, 255 Ill. App. 3d at 836-37, 627 N.E.2d at 781.) The concept of plea bargaining and its attendant benefits for both parties is a necessary element of criminal justice administration. *People v. Boyt* (1985), 109 Ill. 2d 403, 416, 488 N.E.2d 264, 271; *People v. Davis* (1981), 94 Ill. App. 3d 809, 811, 419 N.E.2d 724, 726.

The defendant received the benefit of his bargain and cannot now be heard to repudiate it. (See *People v. Beller* (1977), 54 Ill. App. 3d 1053, 1063, 370 N.E.2d 575, 582, *aff'd* (1979), 74 Ill. 2d 514, 386 N.E.2d 857.) Both parties fairly entering into a plea agreement are thereafter bound by it. (*In re F.D.* (1980), 89 Ill. App. 3d 223, 229, 411 N.E.2d 1200, 1205; *People v. Chestnut* (1973), 15 Ill. App. 3d 188, 189, 303 N.E.2d 440, 441.) While plea negotiations exist in the criminal justice structure, they are governed by contract law principles. (*Davis*, 94 Ill. App. 3d at 811, 419 N.E.2d at 724; *People v. Saunders* (1985), 135 Ill. App. 3d 594, 607, 482 N.E.2d 85, 95.) A "plea agreement" results where the prosecutor and the accused exchange promises to do or refrain from doing certain acts. (*Davis*, 94 Ill. App. 3d at 811, 419 N.E.2d at 726; *People v. Mitchell* (1986), 143 Ill. App. 3d 378, 382, 493 N.E.2d 623, 625.) As a part of such an agreement, the defendant implicitly undertakes to accept the sentence of the court and to admit that the sentence is fair and justified under the circumstances of the case. See *People v. Stacey* (1977), 68 Ill. 2d 261, 266, 369 N.E.2d 1254, 1256.

We note that it has been held that a defendant is estopped from challenging a negotiated sentence on appeal. (*People v. Terneus* (1992), 239 Ill. App. 3d 669, 607 N.E.2d 568; *People v. Willer* (1985), 132 Ill. App. 3d 63, 476 N.E.2d 1385.) If the defendant is estopped on appeal from challenging his sentence, he should be estopped in the trial court. It does not make any sense to allow a defendant to make a protracted argument in the trial court and then have the appellate

court say that it is not going to consider the argument. No court should allow a defendant to challenge a sentence given pursuant to a negotiated plea, if the defendant is truly estopped.

If we were to allow the defendant to attack only the sentence in negotiated plea cases, it would make for the pernicious situation where we would be encouraging the accused, through negotiations with the State, to obtain the best deal possible in modifying or dismissing the more serious charges, to obtain less incarceration than he would have received if he had gone to trial or entered an open plea of guilty, and then to attempt to gain the additional benefit of reducing his sentence even further by reneging on his agreement. (See *Stacey*, 68 Ill. 2d at 266-67, 369 N.E.2d at 1257.) A defendant is not entitled to have a part of the agreement that is unfavorable to him modified on a motion to reduce sentence or on appeal and have the rest of the agreement preserved. (See *People v. Wilson* (1980), 87 Ill. App. 3d 544, 551, 408 N.E.2d 1209, 1214.) Every defendant that knows or has been through the system would challenge the sentence, as he would have everything to gain and nothing to lose.

A motion to reconsider a sentence is fundamentally different from a motion to withdraw a guilty plea; the former seeks review of the sentence imposed, while the latter raises issues relating to the validity of the guilty plea. (*People v. Jordan* (1991), 209 Ill. App. 3d 983, 986, 568 N.E.2d 988, 990.) If the defendant wishes to renege on his bargain, then it is only fair to require the defendant to file a motion to withdraw his plea of guilty and to show good cause for the granting of relief, so that the parties can be placed in *status quo*. (*Goodbrake*, 255 Ill. App. 3d at 837, 627 N.E.2d at 782.) Under the circumstances of this case, the motion to reduce sentence could not be granted; therefore, the trial court properly denied the frivolous motions to reduce sentences and to appoint counsel.

Finally, we need to emphasize that the sentencing judge needs to carefully read the defendant's *pro se* motion to reduce the sentence before ruling, as the motion may be, in effect, a motion to withdraw a plea of guilty due to the imposition of an illegal sentence or a breach of the State's promises. In such cases, where the defendant raises what may be legitimate issues and not merely his unhappiness with serving his time, the sentencing judge should appoint counsel to assist the defendant in drafting a *motion to set aside the negotiated plea*.

Defendant received a sentence near the penal minimum, when he could have easily received an extended term of 14 years' imprisonment to be served consecutively to the four-year prison sentence. His rehabilitative potential is suspect, as he committed a

residential burglary the day after being sentenced on the first residential burglary. He negotiated the sentences and found them fair and just under the circumstances. He must now abide by his word, accept responsibility for his acts, consummate his agreement, and quit trying to beat the system.

Affirmed.

WELCH and CHAPMAN, JJ., concur.