THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM HUFSTEDLER, Defendant-Appellant.

Fifth District    No. 5—95—0592

Opinion filed June 25, 1997.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William Haine, State's Attorney, of Edwardsville (Norbert J. Goetten, Stephen E. Norris, and Kendra S. Mitchell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

The defendant, William Hufstedler, pleaded guilty to armed robbery (720 ILCS 5/18—2(a) (West 1994)), aggravated kidnapping (720 ILCS 5/10—2(a)(5) (West 1994)), and aggravated vehicular hijacking (720 ILCS 5/18—4(a)(3) (West 1994)) and was sentenced to concurrent terms of 12 years' imprisonment. In consideration for defendant pleading guilty, the State had agreed not to seek sentences in excess of 18 years' imprisonment, and defendant could seek any available sentences. Defendant filed a *pro se* motion to reduce sentence. Defense counsel filed a certificate of compliance pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)), but counsel did not amend the *pro se* motion.

On appeal, the defendant initially contends that this cause must be remanded for further proceedings on his motion to reduce sentence because defense counsel did not fulfill his obligations under Rule 604(d) as the transcript of the sentencing hearing presented issues other than those in the *pro se* motion. The State responds that under *People v. Evans*, 174 Ill. 2d 320, 673 N.E.2d 244 (1996), defendant was

required to file a motion to withdraw the guilty pleas because the defendant received some concession from the State in return for his guilty pleas. Defendant also contends that the sentences are an abuse of the trial court's sentencing discretion, and the State counters that the sentences are proper.

■ The first issue to be addressed is whether a defendant who has negotiated a cap on his sentence is required to file a motion to withdraw his guilty plea, rather than a motion to reduce his sentence, when the trial court has discretion to sentence him to any appropriate sentence within the boundaries of the cap.

In *Evans*, the supreme court stated:

> "We therefore hold that, following the entry of judgment on a *negotiated* guilty plea, even if a defendant wants to challenge only his sentence, he must move to withdraw the guilty plea and vacate the judgment so that, in the event the motion is granted, the parties are returned to the status quo." (Emphasis added.) *Evans*, 174 Ill. 2d at 332, 673 N.E.2d at 250.

The State contends that the key term in the quotation from *Evans* is the emphasized word "negotiated." The State argues that the supreme court placed no limitations or qualifications on the word and that, therefore, all defendants in all cases involving all negotiated pleas must move to withdraw their guilty pleas and none will be allowed to challenge only the sentence. We conclude that *Evans* does not require such a result for the following reasons.

As both *Evans* and the State point out, and as we agree, plea bargains are governed to a certain extent by contract law principles. In *Evans*, the terms of the contract were more certain than they are in the present case, because in *Evans* the pleas involved were given in exchange for the State's recommendation of prison terms of a specific number of years. Therefore, the supreme court's failure to impose any limitations or qualifications on the word "negotiated" is perfectly understandable. It would be a rare case that a defendant who had pled guilty and agreed to a prison sentence of X years in exchange for the State's reduction of the charges against him would be entitled to file a motion to reduce his sentence rather than a motion to withdraw his guilty plea. Although it would be a rare case, it is not an inconceivable one. For example, assume that a defendant agreed to be sentenced to six years' imprisonment for one residential burglary in exchange for the State's agreement to recommend six years' imprisonment and to dismiss two other burglary charges. Assume further that, at the sentencing hearing, the State recommends 10 years' imprisonment and the trial court sentences the defendant to 10 years' imprisonment. Should the defendant not be allowed to

challenge this sentence by a motion to reduce sentence rather than being required to withdraw his guilty plea? Or consider the same defendant and the same agreement and further assume that the judge agrees to be bound by the terms of the plea agreement. Assume, however, that at the sentencing hearing, the judge does not follow the State's recommendation and instead gives the defendant 10 years' imprisonment. Finally, assume the same defendant and the same agreement and the trial judge gives 20 years' imprisonment, a sentence unauthorized by statute. Should that defendant not be allowed to move to reduce his sentence? See *People v. Arna*, 168 Ill. 2d 107, 658 N.E.2d 445 (1995).

The low probability of any of these suggested scenarios occurring when a plea to a prison term for a specific number of years is involved may be the reason for the supreme court's broad use of the word "negotiated" in *Evans*.

■ In a case where a defendant pleads guilty in exchange for a prison term for a specific number of years, in order for the defendant to successfully contend that he should be entitled to proceed on a motion to reduce his sentence rather than a motion to withdraw his guilty plea, he must be able to show that the plea agreement:

    (1) was breached by the State, or

    (2) was not honored by the court, or

    (3) was not authorized by law (*i.e.*, exceeded the statutory allowable sentence).

As we have indicated above, each of these conditions is possible, but as we readily acknowledge, each is unlikely. More important, perhaps, is the fact that, if any of the three conditions occur, it will be readily apparent from the record.

What happens, however, when the plea agreement is, as it is in this case, not for a prison term with a specific number of years but for a prison term with a cap of some number of years? What is the agreement under these circumstances? Is it, simply, the defendant saying, "I agree to waive my right to a trial and to plead guilty in exchange for your (the State's) promise to ask that the judge impose a prison sentence of no more than X years," and the State saying, "In exchange for your plea of guilty we recommend a prison sentence of no more than X years"?

If the above quotations contain all the terms of the agreement, then *any* prison sentence up to and including the cap of X years would *always* be appropriate and a defendant who was dissatisfied with his sentence would have no remedy other than to file a motion to withdraw his plea and begin anew. But do the quotations contain all the terms, or are there additional terms that are implicit in the

agreement? Is there not an implicit statement by the court that is involved in all sentencings? Is each judge not required to impose a proper sentence for each defendant? If we were to put this obligation in the contract language of a plea bargain to which a judge agreed to be bound, we might say that the judge implicitly agreed to act according to an implied covenant of good faith and fair dealing. If we were to put the implicit obligation in the general terms of the appellate review of a judge's sentencing decision, we would say that the judge should not abuse his or her discretion. But whether the judge agreed to be bound by the plea agreement or not, and whether we phrase the judge's obligation in terms of the contract language of an implicit covenant of good faith and fair dealing or in the criminal law context of abuse of discretion, the judge has a duty to act in a fair and reasonable manner in imposing the sentence.

Perhaps an illustration will be of some help. Suppose a trial judge were to say at the sentencing hearing: "I have reviewed the presentence investigative report. I have listened to the witnesses who have testified in aggravation and mitigation, and I have listened to the defendant's plea for mercy. I have concluded that a sentence of six years' imprisonment would be appropriate, if, and it is a big if, if it were not for the fact that you, Mr. Defendant, have blue eyes. My house was burglarized last week by two men with blue eyes and I am going to teach you people with blue eyes that crime does not pay. Therefore, instead of giving you six years' imprisonment, I sentence you to 10 years' imprisonment." Which of the explicit terms of the plea agreement has been breached? None. But has it been breached? Obviously.

What is the basis of the breach? The court has not abided by the implicit agreement to perform the terms of the contract in good faith. The example presented, of bias against blue-eyed people, is relatively easy. Others are not and will not be. But is it not the court's alleged abuse of discretion that must be examined in each case?

For those who prefer to keep the discussion of plea agreements in the contract format, let us rephrase the terms of the defendant's agreement. In a case involving a cap on the number of years, is not the defendant really saying, "I agree to waive my right to a trial and to plead guilty in exchange for a prison sentence of not more than X years, provided that the judge sentences me in accordance with his covenant of good faith and fair dealing (or in the proper exercise of his discretion)"? If the defendant can establish that the judge did not sentence him in accordance with the explicit proviso, should he not be allowed to move to reduce the sentence? If the answer to the ques-

tion is yes, then why would the answer be different when the proviso, though not specifically stated, must be implicitly understood? Can there be any doubt that the proviso is an integral part of every agreement? We do not think so.

We recognize, of course, that in plea agreements which provide for a cap of X years, the prosecution will seek, and sincerely hope to receive, the maximum prison sentence of X years. We also recognize, however, that defendant will seek and, even more sincerely hope to receive, the minimum allowable sentence. Each side realizes that the trial court will exercise its discretion in selecting the appropriate sentence within that range, and each side is entitled to a proper exercise of the court's discretion. If this were not the case, there would be no point of a plea agreement that allowed the exercise of discretion.

If the State were *sure* that the defendant would be convicted and that the court would sentence the defendant to X years' imprisonment, it would not enter into a bargain with the defendant that allowed any other prison sentence that was less than X years. Conversely, if the defendant were *sure* that either he would be found not guilty or, if found guilty, he would receive the minimum sentence, he would never agree to subject himself to the possibility of a sentence greater than the minimum one. It is because both sides are uncertain, and perhaps because the cap is more palatable to one side or the other, that the plea agreement involving a cap on the number of years is used instead of a plea in exchange for a specific number of years. But the important point is that, in pleas with a cap on the number of years, both sides recognize and rely upon the judge's exercise of discretion. Therefore, if the defendant can establish an abuse of that discretion, he should be entitled to move to reduce his sentence instead of being required to withdraw his guilty plea.

This position has been adopted by the second district in two cases: *People v. Soles*, 226 Ill. App. 3d 944, 590 N.E.2d 104 (1992), and *People v. Wilson*, 286 Ill. App. 3d 169, 675 N.E.2d 292 (1997).

In *Wilson*, the appellate court pointed out that the supreme court in *Evans* stated that, in open pleas, which obviously involve discretion in sentencing:

" '[B]oth good public policy and common sense dictate that defendants *** be allowed to challenge only their sentences without being required to withdraw their guilty pleas.' " *Wilson*, 286 Ill. App. 3d at 172, 675 N.E.2d at 294, quoting *Evans*, 174 Ill. 2d at 332, 673 N.E.2d 244.

In addition, the fourth district's opinion in *People v. Catron*, 285 Ill. App. 3d 36, 674 N.E.2d 141 (1996), suggests that it might also

reach this result. Although *Catron* held that a defendant who pleads guilty to a potential range of sentences implicitly concedes that a sentence within that range cannot be excessive, it also states that a motion to reduce based upon the improper consideration of a factor inherent in the crime might not be foreclosed by *Evans.*

Our decisions in *People v. Goodbrake,* 255 Ill. App. 3d 833, 627 N.E.2d 779 (1994), and *People v. Maltimore,* 268 Ill. App. 3d 532, 644 N.E.2d 478 (1994), are not contrary to the position we take in this case. First, both *Goodbrake* and *Maltimore* involved pleas for a specific number of years. Second, in *Maltimore* our decision was vacated by the supreme court's advisory order, which allowed the defendant to file a new motion for a reduction of sentence. *People v. Maltimore,* 161 Ill. 2d 535, 647 N.E.2d 586 (1995).

■ In this case, defendant contends that his counsel should have amended the *pro se* motion to reduce sentence to include an additional allegation that the trial court considered improper factors in imposing sentence. Defendant also contends that the 12-year prison sentence was excessive. Although our examination of the record suggests to us that the sentence was not excessive, we will not rule upon that issue at this time because we conclude that we must reverse to allow the defendant to raise the issue of the possible consideration of improper factors. Although we realize that the trial court may conclude that no relief is warranted under either of defendant's claims, we also must recognize that the trial court has not as yet been presented with the first of these issues. Therefore, we reverse to allow defendant to amend the motion to reduce his sentence.

Reversed in part; cause remanded.

MAAG, J., concurs.

PRESIDING JUSTICE KUEHN, specially concurring:
While I agree in the outcome reached, I respectfully disagree with a part of my colleagues' opinion.

I am confident that the State misreads *People v. Evans,* 174 Ill. 2d 320, 332, 673 N.E.2d 244, 250 (1996). It does not necessarily follow that the State misapplies *Evans* in this case. Its application depends upon whether the parties requested the trial judge to concur in the plea agreement pursuant to Supreme Court Rule 402(d)(2) (134 Ill. 2d R. 402(d)(2)).

The majority fails to note that Judge Stack, who took this plea, declared before the plea's entry his intention to forego punishment greater than the recommended 18-year prison term. It is unclear,

however, whether the parties requested a surrender of judicial discretion over punishment or whether Judge Stack simply decided when taking the plea that the State's cap was sufficient to expiate defendant's conduct. If the parties sought and received judicial concurrence to the plea agreement under Supreme Court Rule 402(d)(2), *Evans* applies and limits any challenge to the plea's validity. If, however, the judge's statement was gratuitous, unprovoked by and independent of the parties' wishes, then defendant's sentence can be reviewed. Because the nature of the plea is uncertain, I concur in the remand. I also concur in the view that defendant's sentence appears fair.

I think Supreme Court Rule 402(d)(2) controls.

The State champions *Evans* to reshape appellate jurisdiction over sentences imposed after *all* negotiated guilty pleas. Thus, we are inundated with cases that echo a repeated refrain—"negotiated pleas, under *Evans*, preclude review of a sentence alone." The State proposes that any concession by a prosecutor to procure a guilty plea confines review to a question of the plea's validity. It follows that any bargained-for guilty plea surrenders the right to appeal an abuse in punishment, no matter how errant or abhorrent its nature. A remedy for a sentencing abuse only exists in the fortuitous event that the plea process itself is somehow flawed.

The ability to retract a guilty plea mounts a question separate and apart from the imposition of fair sentence. A properly admonished defendant, sentenced within the range of potential sentences for the offense pled to, is not entitled to a plea withdrawal because of dissatisfaction with the sentence determination. If a judge follows Supreme Court Rule 402, a defendant is hard-pressed to show a valid reason for the withdrawal of a negotiated plea.

We receive countless requests to review sentences where valid guilty pleas are entered pursuant to plea bargains under our rule governing guilty pleas. See 134 Ill. 2d R. 402. In such cases, defendants are properly admonished. 134 Ill. 2d R. 402(a). They are questioned to confirm the pleas' negotiated terms and to assure the pleas' voluntariness. 134 Ill. 2d R. 402(b). And, most important to this case, defendants are told that punishment is a judicial function. *In all negotiated pleas where judicial concurrence is not sought, or it is sought and rejected, defendants must be told that judges are not bound by the pleas' negotiated terms.* Defendants must be told that persistent pleas of guilt, despite knowledge of the judges' sole power to decide punishment, can result in sentences markedly different from anything contemplated by their plea bargains. 134 Ill. 2d R. 402(d)(3).

Most negotiated pleas clearly contemplate, and indeed require, the judicial determination of appropriate punishment. Judicial discretion is freely exercised despite the pleas' negotiated terms. Since judicial discretion is retained and exercised, it can be abused. The remedy for any abuse is not to abort the guilty plea but to correct the sentence.

The machinery of Supreme Court Rule 402 is an intrinsic part of *Evans*. Both plea agreements involved multiple charges, some of which were to be dismissed in return for the plea. Both plea agreements involved a specified sentence on the remaining charges. And both plea agreements were *concurred in* by trial judges. See 134 Ill. 2d R. 402(d)(2).

Justice Bilandic notes the judicial concurrence to both plea agreements. He does not, however, spell out the significance of such concurrence under our rule governing guilty pleas. Clearly, *Evans* does not apply across the board to all bargained-for guilty pleas. Nor does it alter appeals from judicially determined sentences imposed on such pleas. Justice Bilandic's reasoning refers to plea bargains that contemplate the dismissal of other charges or a specified sentence, where *both parties request judicial concurrence in the plea agreement and receive it.* See 134 Ill. 2d R. 402(d)(2). Judicial concurrence under Supreme Court Rule 402(d)(2) only occurs *when both parties seek it.*

*Evans* must be read with knowledge that both defendants expressly sought an abdication of the judiciary's customary role in assessing punishment. Through their plea bargains, both defendants sought to avoid a judicial determination of appropriate punishment. Before they entered their guilty pleas, both defendants asked judges to abide the terms of their plea bargains.

In short, *Evans* involves appeals from sentences that defendants asked for and insisted upon. Before the entry of the pleas, they sought and received judicial assurance that their guilty pleas would result in such sentences.

The supreme court's view rested, in part, upon an old adage that cautions restraint in what one seeks. If defendants seek to avoid judicial taste in punishment and ask for specific bargained-for sentences to prevail, defendants just may receive the sentences asked for. If they do, they should not be heard to complain about an abuse of judicial discretion. No discretion is exercised under Supreme Court Rule 402(d)(2) pleas, other than the decision to concur in what defendants negotiate and desire.

In most negotiated pleas, the sentence remains a function of judicial discretion. To be sure, such discretion will be tempered by the State's need to plea bargain with credence. The State's recom-

mendation will receive serious consideration. Nevertheless, the State's concession is but a recommendation. Defendants only persist in negotiated guilty pleas after fair warning that the power to decide punishment resides in the judge. See 134 Ill. 2d R. 402(d)(3).

In our case, it is unclear whether defendant sought the judge's concurrence. Assuming that he did, he should not be heard to complain about his sentence. Judicial concurrence under Rule 402(d)(2) predicates the plea on the surrender of judicial discretion. It predicates the plea on judicial assurance that punishment will not exceed a specified bargained-for sentence.

The only distinction in our case is a negotiated right to seek better than the specified sentence that caps punishment. If defendant avoids the judicial determination of punishment beyond that which he presumably deems fair, if he procures a concurrence in a plea bargain that limits punishment's range, the right to seek a more lenient sentence does not render the imposition of that more lenient sentence unfair or appealable.

Accordingly, I respectfully dissent from my colleagues' conclusion that a negotiated-cap-term plea is necessarily beyond the scope of *Evans*. If the parties sought and received concurrence under Supreme Court Rule 402(d)(2), *Evans* applies.